United States Court of Appeals
Fifth Circuit

**F I L E D**

**February 6, 2006**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 05-40003
Summary Calendar
_____

UNITED STATES OF AMERICA,

                                        Plaintiff-Appellee,

versus

ALAN ANAYA-MARTINEZ,

                                        Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. 5:04-CR-1340-ALL
--------------------

Before SMITH, GARZA, and PRADO, Circuit Judges.

PER CURIAM:[*]

     Alan Anaya-Martinez (Anaya) appeals his sentence following his guilty plea conviction for illegal reentry.  See 8 U.S.C. § 1326.  He challenges his sentence on three bases.  First, he argues that his prior burglary-of-a-habitation conviction is not a "crime of violence" supporting the 16-level enhancement under U.S.S.G. § 2L1.2(b)(1)(A)(ii).  This argument is foreclosed. United States v. Garcia-Mendez, 420 F.3d 454, 456-57 (5th Cir. 2005).  Second, he argues that 8 U.S.C. § 1326(b) is

_____

     [*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

unconstitutional. This argument is also foreclosed. United States v. Garza-Lopez, 410 F.3d 268, 276 (5th Cir.), cert. denied, 126 S. Ct. 298 (2005).

Finally, Anaya argues that the district court's imposition of his sentence pursuant to the then-mandatory guidelines was not harmless error. This argument has merit. The Government has not shown beyond a reasonable doubt that the error in imposing a sentence pursuant to the then-mandatory guidelines was harmless. United States v. Walters, 418 F.3d 461, 463 (5th Cir. 2005). Accordingly, Anaya's sentence is VACATED and this case is REMANDED for resentencing.

SENTENCE VACATED; REMANDED FOR RESENTENCING.