United States Court of Appeals
Fifth Circuit

**F I L E D**

**February 15, 2006**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

———————————————

No. 04-41560
Summary Calendar

———————————————

UNITED STATES OF AMERICA,

                              Plaintiff-Appellee,

versus

LUIS RODRIGUEZ-CARDENAS,

                              Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. 5:04-CR-897-ALL
--------------------

Before HIGGINBOTHAM, BENAVIDES, and DENNIS, Circuit Judges.

PER CURIAM:[*]

     Luis Rodriguez-Cardenas appeals his guilty plea conviction and sentence imposed for being an alien illegally present in the United States following deportation.  Rodriguez-Cardenas was sentenced to a term of imprisonment of sixty-five months to be followed by three years of supervised release.

     Rodriguez-Cardenas argues that the district court plainly erred in enhancing his offense level by sixteen levels based on his prior state court conviction for burglary of a habitation.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

He argues that his burglary conviction is not an enumerated crime of violence under U.S.S.G. 2L1.2(b)(1)(A)(ii) and that his offense did not require proof of the element of use, attempted use, or threatened use of physical force against the person of another. This court rejected Rodriguez-Cardenas's argument in United States v. Garcia-Mendez, 420 F.3d 454, 456-57 (5th Cir. 2005), which held that "'burglary of a habitation' is equivalent to the enumerated [crime of violence] offense of 'burglary of a dwelling.'" The judgment of the district court is affirmed with respect to this issue.

Rodriguez-Cardenas argues that the Government failed to carry its burden of showing beyond a reasonable doubt that his sentence imposed under the mandatory sentencing guidelines system was harmless error. The Government contends that it did not have to show harmless error beyond a reasonable doubt because Rodriguez-Cardenas is alleging a non-constitutional error.

The court has determined that the Government must prove harmless error beyond a reasonable doubt. United States v. Walters, 418 F.3d 461, 463-64 (5th Cir. 2005). The Government has failed to carry its burden of proof. Although it does not appear that the district court would have been inclined to impose a lesser sentence, based on its limited remarks, it cannot be determined beyond a reasonable doubt that the sentence would have been the same if the mandatory guidelines had not been applicable. Therefore, Rodriguez-Cardenas's sentence is vacated

and the case is remanded to the district court for resentencing in accord with United States v. Booker, 125 S. Ct. 738 (2005).

Rodriguez-Cardenas argues that 8 U.S.C. § 1326(b) is unconstitutional and that Almendarez-Torres v. United States, 523 U.S. 224 (1998) was incorrectly decided in light of the holding in Apprendi v. New Jersey, 530 U.S. 466 (2000).

Rodriguez-Cardenas's constitutional challenge to § 1326(b) is foreclosed by Almendarez-Torres.  Although Rodriguez-Cardenas contends that Almendarez-Torres was incorrectly decided and that a majority of the Supreme Court would overrule Almendarez-Torres in light of Apprendi, we have repeatedly rejected such arguments on the basis that Almendarez-Torres remains binding.  United States v. Garza-Lopez, 410 F.3d 268, 276 (5th Cir.), cert. denied, 126 S. Ct. 298 (2005).  Rodriguez-Cardenas properly concedes that his argument is foreclosed in light of Almendarez-Torres and circuit precedent, but he raises it here to preserve it for further review.  The judgment of the district court is affirmed with respect to this issue.

AFFIRMED IN PART, SENTENCE VACATED, AND CASE REMANDED FOR RESENTENCING