**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Jaime ALVAREZ–ONTIVEROS,**
**Defendant–Appellant.**

**No. 04–20870.**
**Summary Calendar.**

United States Court of Appeals,
Fifth Circuit.

Decided Feb. 21, 2006.

Paula Camille Offenhauser, James Lee Turner, Assistant U.S. Attorneys, Us Attorney's Office Southern District of Texas, Houston, TX, for Plaintiff–Appellee.

Marjorie A. Meyers, Federal Public Defender, Molly E. Odom, Federal Public Defender's Office Southern District of Texas, Houston, TX, for Defendant–Appellant.

Before KING, WIENER, and DeMOSS, Circuit Judges.

PER CURIAM: *

Jaime Alvarez–Ontiveros appeals his conviction of unlawful presence in the United States after deportation following an aggravated felony conviction and his sentence. He raises three issues in this appeal.

First, he argues that his prior burglary-of-a-habitation conviction is not a "crime of violence" supporting the 16–level enhancement under U.S.S.G. § 2L1.2(b)(1)(A)(ii). This argument is foreclosed. *See United States v. Garcia–Mendez*, 420 F.3d 454, 456–57 (5th Cir.2005).

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Second, Alvarez–Ontiveros argues that the "felony" and "aggravated felony" provisions of 8 U.S.C. § 1326(b)(1) and (b)(2) are unconstitutional in light of *Apprendi v. New Jersey,* 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000). Alvarez–Ontiveros' constitutional challenge is foreclosed by *Almendarez–Torres v. United States,* 523 U.S. 224, 235, 118 S.Ct. 1219, 140 L.Ed.2d 350 (1998). Although Alvarez–Ontiveros contends that *Almendarez–Torres* was incorrectly decided and that a majority of the Supreme Court would overrule *Almendarez–Torres* in light of *Apprendi,* we have repeatedly rejected such arguments on the basis that *Almendarez–Torres* remains binding. *See United States v. Garza–Lopez,* 410 F.3d 268, 276 (5th Cir.), *cert. denied,* — U.S. —, 126 S.Ct. 298, 163 L.Ed.2d 260 (2005). Alvarez–Ontiveros properly concedes that his argument is foreclosed in light of *Almendarez–Torres* and circuit precedent, but he raises it here to preserve it for further review.

Finally, Alvarez–Ontiveros argues that the district court reversibly erred under *United States v. Booker,* 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005), by sentencing him pursuant to a mandatory application of the sentencing guidelines. The Government concedes that Alvarez–Ontiveros has preserved this issue for appeal. The Government has not shown beyond a reasonable doubt that the error was harmless. *See United States v. Walters,* 418 F.3d 461, 463–64 (5th Cir.2005). Accordingly, Alvarez–Ontiveros' sentence is vacated, and this case is remanded for resentencing.

CONVICTION AFFIRMED; SENTENCE VACATED; REMANDED FOR RESENTENCING.