**United States Court of Appeals**
**Fifth Circuit**
**F I L E D**
**February 21, 2006**
Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 04-20870
Summary Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JAIME ALVAREZ-ONTIVEROS,

Defendant-Appellant.

---------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:03-CR-421-ALL
---------------------

Before KING, WIENER, and DeMOSS, Circuit Judges.

PER CURIAM:[*]

Jaime Alvarez-Ontiveros appeals his conviction of unlawful

presence in the United States after deportation following an

aggravated felony conviction and his sentence. He raises three

issues in this appeal.

First, he argues that his prior burglary-of-a-habitation

conviction is not a "crime of violence" supporting the 16-level

enhancement under U.S.S.G. § 2L1.2(b)(1)(A)(ii). This argument

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

is foreclosed.  See United States v. Garcia-Mendez, 420 F.3d 454, 456-57 (5th Cir. 2005).

Second, Alvarez-Ontiveros argues that the "felony" and "aggravated felony" provisions of 8 U.S.C. § 1326(b)(1) and (b)(2) are unconstitutional in light of Apprendi v. New Jersey, 530 U.S. 466 (2000).  Alvarez-Ontiveros' constitutional challenge is foreclosed by Almendarez-Torres v. United States, 523 U.S. 224, 235 (1998).  Although Alvarez-Ontiveros contends that Almendarez-Torres was incorrectly decided and that a majority of the Supreme Court would overrule Almendarez-Torres in light of Apprendi, we have repeatedly rejected such arguments on the basis that Almendarez-Torres remains binding.  See United States v. Garza-Lopez, 410 F.3d 268, 276 (5th Cir.), cert. denied, 126 S. Ct. 298 (2005).  Alvarez-Ontiveros properly concedes that his argument is foreclosed in light of Almendarez-Torres and circuit precedent, but he raises it here to preserve it for further review.

Finally, Alvarez-Ontiveros argues that the district court reversibly erred under United States v. Booker, 543 U.S. 220 (2005), by sentencing him pursuant to a mandatory application of the sentencing guidelines.  The Government concedes that Alvarez-Ontiveros has preserved this issue for appeal.  The Government has not shown beyond a reasonable doubt that the error was harmless.  See United States v. Walters, 418 F.3d 461, 463-64

(5th Cir. 2005).  Accordingly, Alvarez-Ontiveros' sentence is vacated, and this case is remanded for resentencing.

CONVICTION AFFIRMED; SENTENCE VACATED; REMANDED FOR RESENTENCING.