UNITED STATES of America,
Plaintiff–Appellee,

v.

Raimundo VARGAS–GARCIA,
Defendant–Appellee.

No. 05–40360.
Conference Calendar.

United States Court of Appeals,
Fifth Circuit.

Decided Feb. 23, 2006.

James Lee Turner, Assistant U.S. Attorney, U.S. Attorney's Office, Southern District of Texas, Houston, TX, for Plaintiff–Appellee.

Marjorie A. Meyers, Federal Public Defender, H. Michael Sokolow, Federal Public Defender's Office, Southern District of Texas, Houston, TX, for Defendant–Appellee.

Before GARZA, DENNIS, and PRADO, Circuit Judges.

PER CURIAM: *

Raimundo Vargas–Garcia (Vargas) appeals from his conviction of illegal reentry

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under

following deportation, pursuant to 8 U.S.C. § 1326.

Vargas contends for the first time on appeal that the district court erred in ordering him to cooperate in the collection of a DNA sample as a condition of supervised release and that this condition should therefore be vacated. This claim is dismissed for lack of jurisdiction because it is not ripe for review. *See United States v. Riascos–Cuenu,* 428 F.3d 1100, 1102 (5th Cir.2005), *petition for cert. filed* (Jan. 9, 2005) (No. 05–8662).

Vargas next argues, for the first time on appeal, that his previous state offense of burglary of a habitation did not constitute a "crime of violence" for purposes of U.S.S.G. § 2L1.2(b)(1)(A)(ii). He correctly concedes that his argument is foreclosed by *United States v. Garcia–Mendez,* 420 F.3d 454, 456–57 (5th Cir.2005), *cert. denied* —— U.S. ——, 126 S.Ct. 1398, 164 L.Ed.2d 100 (2006), but he raises the argument to preserve it for further review. He also argues that *Garcia–Mendez* was incorrectly decided. We do not disturb our holding in *Garcia–Mendez. See United States v. Taylor,* 933 F.2d 307, 313 (5th Cir.1991) (one panel of this court may not overrule another panel).

Vargas finally challenges the constitutionality of 8 U.S.C. § 1326(b). His constitutional challenge is foreclosed by *Almendarez–Torres v. United States,* 523 U.S. 224, 235, 118 S.Ct. 1219, 140 L.Ed.2d 350 (1998). Although Vargas contends that *Almendarez–Torres* was incorrectly decided and that a majority of the Supreme Court would overrule *Almendarez–Torres* in light of *Apprendi v. New Jersey,* 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), we have repeatedly rejected such arguments on the basis that *Almendarez–Torres* remains binding. *See United States v. Garza–Lopez,* 410 F.3d 268, 276 (5th Cir.), *cert. denied,* —— U.S. ——, 126 S.Ct. 298, 163 L.Ed.2d 260 (2005). Vargas properly concedes that his argument is foreclosed in light of *Almendarez–Torres* and circuit precedent, but he raises it here to preserve it for further review.

JUDGMENT AFFIRMED; APPEAL DISMISSED IN PART.

the limited circumstances set forth in 5TH CIR.  R. 47.5.4.