United States Court of Appeals
Fifth Circuit

**F I L E D**

**May 1, 2006**

Charles R. Fulbruge III
Clerk

**IN THE UNITED STATES COURT OF APPEALS**

**FOR THE FIFTH CIRCUIT**

No. 04-41359
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-
Appellee,

versus

ANTONIO LOPEZ,

Defendant-
Appellant.

-----------------------------------------------------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. 1:04-CR-468-ALL
-----------------------------------------------------------------

Before BARKSDALE, STEWART and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Antonio Lopez appeals his guilty-plea conviction and sentence for being an alien found illegally in the United States after a prior deportation. He asserts that the district court erred in imposing a 16-level enhancement to his base offense level pursuant to U.S.S.G. § 2L1.2(b)(1)(A)(ii) because his prior Texas conviction for burglary of a habitation did not constitute a "crime of violence." The district court correctly found that Lopez's prior conviction for burglary of a habitation

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

was a conviction for a crime of violence under § 2L1.2(b)(1)(A)(ii). *See United States v. Garcia-Mendez*, 420 F.3d 454, 457 (5th Cir. 2005), *cert. denied*, ___ S. Ct. ___, 2006 WL 386884 (Feb. 21, 2006)(No. 05-8542).

For the first time on appeal, Lopez asserts that the district court's belief during sentencing that the Federal Sentencing Guidelines were mandatory, rather than advisory, is reversible error under *United States v. Booker*, 543 U.S. 220 (2005). We review Lopez's *Booker*-based challenge for plain error. *See United States v. Valenzuela-Quevedo*, 407 F.3d 728, 732 (5th. Cir.), *cert. denied*, 126 S. Ct. 267 (2005). Lopez has failed to establish that the error affected his substantial rights. *See United States v. Bringier*, 405 F.3d 310, 317 n.4 (5th Cir.), *cert. denied*, 126 S. Ct. 264 (2005). Therefore, he cannot demonstrate plain error.

Lopez also asserts that the "felony" and "aggravated felony" provisions of 8 U.S.C. § 1326(b) are unconstitutional. This constitutional challenge to § 1326 is foreclosed by Almendarez-*Torres v. United States*, 523 U.S. 224, 235 (1998). Although Lopez contends that *Almendarez-Torres* was incorrectly decided and that a majority of the Supreme Court would overrule *Almendarez-Torres* in light of *Apprendi v. New Jersey*, 530 U.S. 466 (2000), we have repeatedly rejected such arguments on the basis that *Almendarez-Torres* remains binding. *See United States v. Garza-Lopez*, 410 F.3d 268, 276 (5th Cir.), *cert. denied*, 126 S. Ct. 298 (2005). Lopez properly concedes that his argument is foreclosed in light of *Almendarez-Torres* and circuit precedent, but he raises it here to preserve it for further review.

The judgment of the district court is thus AFFIRMED.