United States Court of Appeals
Fifth Circuit

**F I L E D**

**August 8, 2005**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 04-41152

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JOSE MARIA GARCIA-MENDEZ,

Defendant-Appellant.

--------------------

Appeal from the United States District Court
for the Southern District of Texas

--------------------

Before DAVIS, JONES and GARZA, Circuit Judges.

W. EUGENE DAVIS, Circuit Judge:

In this appeal, we consider whether the district court correctly enhanced appellant's sentence based on its conclusion that defendant's prior Texas conviction for second degree burglary of a habitation qualified as a crime of violence under U.S.S.G. § 2L1.1.  We conclude that this conviction is equivalent to burglary of a dwelling, an enumerated offense under that guideline, and agree with the district court that the enhancement was proper.

I.

Garcia-Mendez was charged in a single-count indictment with illegal presence in the United States after deportation, in violation of 8 U.S.C. § 1326. He pled guilty under a plea agreement in which the government agreed to recommend the low end of the guideline range, a two-level decrease for acceptance of responsibility and an additional two-level decrease for early disposition.

The Presentence Report ("PSR") recommended a 16-level sentence enhancement under U.S.S.G. § 2L1.2(b)(1)(A)(ii) due to Garcia-Mendez's conviction of a "crime of violence" felony. Garcia-Mendez objected initially to the enhancement on the ground he had not been convicted of burglary of a habitation, but rather, this charge had been dropped down to a lesser offense which would not qualify as a crime of violence. When that objection could not be supported factually, he objected that the 16-level enhancement was excessive. The district court denied the objection. With the promised reductions for acceptance of responsibility and early disposition, Garcia-Mendez's total offense level was 19. With a criminal history category of II, the guideline range was 33 to 51 months. The district court sentenced Garcia-Mendez to 33 months imprisonment. Garcia-Mendez appeals.

II.

The main issue in this appeal is whether Garcia-Mendez's prior conviction is a "crime of violence" supporting the 16-level enhancement under U.S.S.G. § 2L1.2(b)(1)(A)(ii). We ordinarily review this determination *de novo*. United States v. Calderon-Pena, 383 F.3d 254, 256 (5th Cir. 2004)(*en banc*). However, because Garcia-Mendez did not object to the enhancement on the ground raised in this appeal, we review for plain error.[1] United States v. Gracia-Cantu, 302 F.3d 308, 310 (5th Cir. 2002). This court "find[s] plain error only if: (1) there was error; (2) the error was clear and obvious; and (3) the error affected the defendant's substantial rights. When these elements are present, [this Court] may exercise [its] discretion to correct the error only if it seriously affects the fairness, integrity, or public reputation of judicial proceedings." Id. (Internal citations and quotation marks omitted).

Section 2L1.2 (b)(1)(A)(ii) provides for a 16-level enhancement to a defendant's offense level when a defendant was

---

[1] The government suggests that Garcia-Mendez waived this issue by withdrawing his objection that he had not been convicted of the offense burglary of a habitation. We disagree. This is not a situation in which the appellant is attempting to raise the exact objection previously withdrawn at sentencing. See United States v. Musquiz, 45 F.3d 927, 931 (5th Cir. 1995). The issue raised in this appeal, that his prior conviction does not fit within the definition of a "crime of violence" under the applicable guideline provision, is legally distinct from his prior objection questioning what crime he had previously been convicted of.

previously deported after a conviction for a crime of violence. A conviction can qualify as a "crime of violence" under this provision in one of two ways. First, it qualifies if the conviction is one of the offenses enumerated as crimes of violence. Second, if the conviction is not for one of the enumerated offenses, it still qualifies if it is "any offense under federal, state or local law that has as an element the use, attempted use, or threatened use of physical force against the person of another." U.S.S.G. § 2L1.2, comment n.1(B)(iii). The enumerated crimes include "burglary of a dwelling."

Garcia-Mendez was previously convicted of burglary of a habitation in violation of Texas law. The Texas statute states that a person commits burglary if he enters a building closed to the public, or a habitation, without the consent of the owner, with the intent to commit a felony, theft, or an assault. Tex. Penal Code § 30.02(a)(1) (2000). Habitation is defined as "a structure or vehicle that is adapted for overnight accommodation of persons, and includes: (A) each separately secured or occupied portion of the structure or vehicle; and (B) each structure appurtenant to or connected with the structure or vehicle." Tex. Penal Code § 30.01(1)(2000).

Garcia-Mendez argues that his offense of burglary of a habitation does not fit within the enumerated offense of burglary of a dwelling because the definition of a "habitation" under the

Texas offense, which includes "each structure appurtenant to or connected with the structure or vehicle," is broader than the definition of a "dwelling" as is commonly understood in a criminal law context.[2] The government argues that burglary of a habitation is equivalent to the enumerated offense of burglary of a dwelling, citing case law from this circuit.

In United States v. Hornsby, 88 F.3d 336, 339 (5th Cir. 1996), this court found that a conviction for burglary of a habitation qualified as a crime of violence under U.S.S.G. § 4B1.2(1)(ii). Although the definition of "crime of violence" in § 4B1.1 is slightly different from the definition of the same term in § 2L1.2, both guideline sections list "burglary of a dwelling" as an enumerated crime of violence. In Hornsby, we said that: ". . . burglary of a habitation is considered a crime of violence." We read this as a conclusion that the crime "burglary of a habitation" is equivalent to the enumerated offense "burglary of a dwelling." This conclusion that the prior conviction for burglary of a habitation is an enumerated offense makes irrelevant the difference in the definition of crime of violence in the two guideline sections. The district court

---

[2] Garcia-Mendez's indictment does not indicate what type of habitation he was accused of entering. He was indicted for "unlawfully, with intent to commit SEXUAL ASSAULT, enter a habitation owned by ISABELLE NAVA."

therefore did not commit plain error in concluding that Garcia-Mendez's prior conviction was a crime of violence under § 2L1.1.

### III.

Finally, Garcia argues that <u>Apprendi v. New Jersey</u>, 530 U.S. 466, 147 L. Ed. 2d 435, 120 S. Ct. 2348 (2001) should be interpreted to overrule <u>Almendarez-Torres v. United States</u>, 523 U.S. 224, 140 L. Ed. 2d 350, 118 S. Ct. 1219 (1998). As Garcia concedes, this last argument is precluded by existing circuit precedent. See, e.g., <u>United States v. Dabeit</u>, 231 F.3d 979, 984 (5th Cir. 2000).

### IV.

For the foregoing reasons, Garcia-Mendez's sentence is AFFIRMED.