**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Avelino RODRIGUEZ–YANEZ,
Defendant–Appellant.**

No. 05–40619.
Conference Calendar.

United States Court of Appeals,
Fifth Circuit.

Decided Dec. 14, 2005.

James Lee Turner, Assistant U.S. Attorney, U.S. Attorney's Office, Southern District of Texas, Houston, TX, for Plaintiff–Appellee.

Marjorie A. Meyers, Federal Public Defender, Brent Evan Newton, Assistant Federal Public Defender, Philip G. Gallagher, Federal Public Defender's Office, Southern District of Texas, Houston, TX, for Defendant–Appellant.

---

Before KING, Chief Judge, and HIGGINBOTHAM and SMITH, Circuit Judges.

PER CURIAM: *

Avelino Rodriguez–Yanez appeals his guilty-plea conviction and sentence for being illegally present in the United States following removal. Rodriguez argues that the district court erred by finding that his prior Texas felony conviction for burglary of a habitation was a crime of violence under U.S.S.G. § 2L1.2(b)(1)(A)(ii). This court has rejected that argument in our recent decision in *United States v. Garcia–Mendez,* 420 F.3d 454, 456–57 (5th Cir. 2005).

Rodriguez's constitutional challenge is foreclosed by *Almendarez–Torres v. United States,* 523 U.S. 224, 235, 118 S.Ct. 1219, 140 L.Ed.2d 350 (1998). Although Rodriguez contends that *Almendarez–Torres* was incorrectly decided and that a majority of the Supreme Court would overrule *Almendarez–Torres* in light of *Apprendi v. New Jersey,* 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), we have repeatedly rejected such arguments on the basis that *Almendarez–Torres* remains binding. *See United States v. Garza–Lopez,* 410 F.3d 268, 276 (5th Cir.), *cert. denied,* —— U.S. ——, 126 S.Ct. 298, —— L.Ed.2d —— (2005). Rodriguez properly concedes that his argument is foreclosed in light of *Almendarez–Torres* and circuit precedent, but he raises it here to preserve it for further review.

AFFIRMED.

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.