United States Court of Appeals
Fifth Circuit

**F I L E D**

February 16, 2006

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 05-40107
Summary Calendar

UNITED STATES OF AMERICA,

                                    Plaintiff-Appellee,

versus

ARTURO CANTU-COVARRUBIAS,

                                    Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. 5:04-CR-1813-ALL
--------------------

Before BARKSDALE, STEWART, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

      Arturo Cantu-Covarrubias ("Cantu") appeals his sentence

following his guilty plea conviction for illegal reentry.  First,

he argues that his prior burglary-of-a-habitation conviction is

not a "crime of violence" supporting the 16-level enhancement

under U.S.S.G. § 2L1.2(b)(1)(A)(ii).  This argument is

foreclosed.  See United States v. Garcia-Mendez, 420 F.3d 454,

456-57 (5th Cir. 2005).

---

      [*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Second, Cantu argues that the "felony" and "aggravated felony" provisions of 8 U.S.C. § 1326(b)(1) and (b)(2) are unconstitutional in light of Apprendi v. New Jersey, 530 U.S. 466 (2000). Cantu's constitutional challenge is foreclosed by Almendarez-Torres v. United States, 523 U.S. 224, 235 (1998). Although Cantu contends that Almendarez-Torres was incorrectly decided and that a majority of the Supreme Court would overrule Almendarez-Torres in light of Apprendi, we have repeatedly rejected such arguments on the basis that Almendarez-Torres remains binding. See United States v. Garza-Lopez, 410 F.3d 268, 276 (5th Cir.), cert. denied, 126 S. Ct. 298 (2005). Cantu properly concedes that his argument is foreclosed in light of Almendarez-Torres and circuit precedent, but he raises it here to preserve it for further review.

Finally, Cantu argues that the district court reversibly erred under United States v. Booker, 125 S. Ct. 738 (2005), by sentencing him pursuant to a mandatory application of the sentencing guidelines. The Government concedes that Cantu has preserved this issue for appeal. The Government, however, has not shown beyond a reasonable doubt that the error was harmless. See United States v. Walters, 418 F.3d 461, 463-64 (5th Cir. 2005). Accordingly, Cantu's sentence is VACATED, and this case is REMANDED for resentencing.

CONVICTION AFFIRMED; SENTENCE VACATED; REMANDED FOR RESENTENCING.