United States Court of Appeals
Fifth Circuit

**F I L E D**

**February 23, 2006**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 05-40360
Conference Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

RAIMUNDO VARGAS-GARCIA,

Defendant-Appellee.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. 1:04-CR-729-ALL
--------------------

Before GARZA, DENNIS, and PRADO, Circuit Judges.

PER CURIAM:[*]

Raimundo Vargas-Garcia (Vargas) appeals from his conviction

of illegal reentry following deportation, pursuant to 8 U.S.C.

§ 1326.

Vargas contends for the first time on appeal that the

district court erred in ordering him to cooperate in the

collection of a DNA sample as a condition of supervised release

and that this condition should therefore be vacated. This claim

is dismissed for lack of jurisdiction because it is not ripe for

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

review.  See United States v. Riascos-Cuenu, 428 F.3d 1000, 1102 (5th Cir. 2005), petition for cert. filed (Jan. 9, 2005) (No. 05-8662).

Vargas next argues, for the first time on appeal, that his previous state offense of burglary of a habitation did not constitute a "crime of violence" for purposes of U.S.S.G. § 2L1.2(b)(1)(A)(ii).  He correctly concedes that his argument is foreclosed by United States v. Garcia-Mendez, 420 F.3d 454, 456-57 (5th Cir. 2005), petition for cert. filed (Dec. 15, 2005)(No. 05-8542), but he raises the argument to preserve it for further review.  He also argues that Garcia-Mendez was incorrectly decided.  We do not disturb our holding in Garcia-Mendez.  See United States v. Taylor, 933 F.2d 307, 313 (5th Cir. 1991) (one panel of this court may not overrule another panel).

Vargas finally challenges the constitutionality of 8 U.S.C. § 1326(b).  His constitutional challenge is foreclosed by Almendarez-Torres v. United States, 523 U.S. 224, 235 (1998). Although Vargas contends that Almendarez-Torres was incorrectly decided and that a majority of the Supreme Court would overrule Almendarez-Torres in light of Apprendi v. New Jersey, 530 U.S. 466 (2000), we have repeatedly rejected such arguments on the basis that Almendarez-Torres remains binding.  See United States v. Garza-Lopez, 410 F.3d 268, 276 (5th Cir.), cert. denied, 126 S. Ct. 298 (2005).  Vargas properly concedes that his argument is foreclosed in light of Almendarez-Torres and circuit

precedent, but he raises it here to preserve it for further review.

JUDGMENT AFFIRMED; APPEAL DISMISSED IN PART.