United States Court of Appeals
Fifth Circuit

**F I L E D**

**February 23, 2006**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 05-40627
Conference Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

EPIGMENEO REYNA-VELOZ,
also known as Pedro Paz-Rodriguez,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. 7:04-CR-1067-ALL
--------------------

Before GARZA, DENNIS, and PRADO, Circuit Judges.

PER CURIAM:[*]

Epigmeneo Reyna-Veloz was convicted of one charge of illegal

reentry into the United States and sentenced to serve 30 months

in prison and a two-year term of supervised release. He argues

that the district court erred by determining that his prior Texas

felony conviction for burglary of a habitation was a crime of

violence under U.S.S.G. § 2L1.2(b)(1)(A)(ii). This argument is

unavailing. See United States v. Garcia-Mendez, 420 F.3d 454,

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

456-57 (5th Cir. 2005), petition for cert. filed (Dec. 15, 2005)(No. 05-8542).

Reyna-Veloz's constitutional challenge to 8 U.S.C. § 1326(b) is foreclosed by Almendarez-Torres v. United States, 523 U.S. 224, 235 (1998). Although Reyna-Veloz contends that Almendarez-Torres was incorrectly decided and that a majority of the Supreme Court would overrule Almendarez-Torres in light of Apprendi v. New Jersey, 530 U.S. 466 (2000), we have repeatedly rejected such arguments on the basis that Almendarez-Torres remains binding. See United States v. Garza-Lopez, 410 F.3d 268, 276 (5th Cir.), cert. denied, 126 S. Ct. 298 (2005). Reyna-Veloz properly concedes that his argument is foreclosed in light of Almendarez-Torres and circuit precedent, but he raises it here to preserve it for further review.

Reyna-Veloz has shown no error in the judgment of the district court. Consequently, that judgment is AFFIRMED.