United States Court of Appeals
Fifth Circuit

**F I L E D**

**February 23, 2006**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 05-40708
Conference Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JOSE EDUARDO HERNANDEZ-BELTRAN,
also known as Francisco Javier Beltran,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. 7:04-CR-1060-ALL
--------------------

Before GARZA, DENNIS, and PRADO, Circuit Judges.

PER CURIAM:[*]

Jose Eduardo Hernandez-Beltran (Hernandez) appeals his guilty-plea conviction and sentence for being illegally present in the United States following removal. Hernandez argues that the district court erred by finding that his prior Texas felony conviction for burglary of a habitation was a crime of violence under U.S.S.G. § 2L1.2(b)(1)(A)(ii). In United States v. Garcia-Mendez, 420 F.3d 454, 456-57 (5th Cir. 2005), petition for cert. filed (Dec. 15, 2005)(No. 05-8542), this court held that a prior

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Texas conviction for burglary of a habitation was a prior conviction for a crime of violence under § 2L1.2(b)(1)(A)(ii) because it was equivalent to the enumerated offense of burglary of a dwelling.  Hernandez asserts that Garcia-Mendez is inapplicable to the present case because the issue in that case was reviewed for plain error and because this court did not apply the categorical analysis mandated by Taylor v. United States, 495 U.S. 575 (1990).  While the review of this issue in Garcia-Mendez was for plain error, this court clearly held that a Texas conviction for burglary of a habitation was a conviction for a crime of violence under § 2L1.2(b)(1)(A)(ii).  See Garcia-Mendez, 420 F.3d at 456-57.  Hernandez's argument that this court did not properly apply the categorical analysis of Taylor in Garcia-Mendez is nothing more than an argument that Garcia-Mendez was incorrectly decided, and is unavailing.  See Burge v. Parish of St. Tammany, 187 F.3d 452, 466 (5th Cir. 1999) (applying prior panel rule).

 Hernandez's constitutional challenge to 8 U.S.C. § 1326 is foreclosed by Almendarez-Torres v. United States, 523 U.S. 224, 235 (1998).  Although Hernandez contends that Almendarez-Torres was incorrectly decided and that a majority of the Supreme Court would overrule Almendarez-Torres in light of Apprendi v. New Jersey, 530 U.S. 466 (2000), we have repeatedly rejected such arguments on the basis that Almendarez-Torres remains binding. See United States v. Garza-Lopez, 410 F.3d 268, 276 (5th Cir.),

<u>cert. denied</u>, 126 S. Ct. 298 (2005).  Hernandez properly concedes that his argument is foreclosed in light of <u>Almendarez-Torres</u> and circuit precedent, but he raises it here to preserve it for further review.

AFFIRMED.