United States Court of Appeals
Fifth Circuit

**F I L E D**

**April 11, 2006**

**Charles R. Fulbruge III**
**Clerk**

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 05-40451
Conference Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

RODOLFO PATINO-TARIN,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. 7:04-CR-803-ALL
--------------------

Before JONES, Chief Judge, and JOLLY and DAVIS, Circuit Judges.

PER CURIAM:[*]

Rodolfo Patino-Tarin appeals from his guilty-plea conviction and sentence for being found in the United States after previous deportation. Patino-Tarin argues that the district court erred by imposing a 16-level adjustment under U.S.S.G. § 2L1.2(b)(1)(A)(ii) based upon his Texas conviction for burglary of a habitation. Because he objected on this basis in the district court, this issue is reviewed de novo. United States v. Calderon-Pena, 383 F.3d 254, 256 (5th Cir. 2004) (en banc).

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Patino-Tarin's argument is unavailing. See United States v. Garcia-Mendez, 420 F.3d 454, 455-57 (5th Cir. 2005), cert. denied, 126 S. Ct. 1398 (2006).

Patino-Tarin's constitutional challenge is foreclosed by Almendarez-Torres v. United States, 523 U.S. 224, 235 (1998). Although Patino-Tarin contends that Almendarez-Torres was incorrectly decided and that a majority of the Supreme Court would overrule Almendarez-Torres in light of Apprendi v. New Jersey, 530 U.S. 466 (2000), we have repeatedly rejected such arguments on the basis that Almendarez-Torres remains binding. See United States v. Garza-Lopez, 410 F.3d 268, 276 (5th Cir.), cert. denied, 126 S. Ct. 298 (2005). Patino-Tarin properly concedes that his argument is foreclosed in light of Almendarez-Torres and circuit precedent, but he raises it here to preserve it for further review.

Accordingly, the district court's judgment is AFFIRMED.