United States Court of Appeals
Fifth Circuit

**F I L E D**

April 11, 2006

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 05-41064
Conference Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

DIEGO ISLAS DEL ANGEL,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. 2:05-CR-198-ALL
--------------------

Before JONES, Chief Judge, and JOLLY and DAVIS, Circuit Judges.

PER CURIAM:[*]

Diego Islas Del Angel appeals his guilty-plea conviction and sentence for two counts of transportation of an unlawful alien within the United States and one count of illegal reentry after deportation. Del Angel argues that the district court erred by finding that his prior Texas felony conviction for burglary of a habitation was a crime of violence under U.S.S.G. § 2L1.2(b)(1)(A)(ii). The district court did not err. See

--------

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

United States v. Garcia-Mendez, 420 F.3d 454, 456-57 (5th Cir. 2005), cert. denied, 126 S. Ct. 1398 (2006).

Del Angel's constitutional challenge is foreclosed by Almendarez-Torres v. United States, 523 U.S. 224, 235 (1998). Although Del Angel contends that Almendarez-Torres was incorrectly decided and that a majority of the Supreme Court would overrule Almendarez-Torres in light of Apprendi v. New Jersey, 530 U.S. 466 (2000), we have repeatedly rejected such arguments on the basis that Almendarez-Torres remains binding. See United States v. Garza-Lopez, 410 F.3d 268, 276 (5th Cir.), cert. denied, 126 S. Ct. 298 (2005). Del Angel properly concedes that his argument is foreclosed in light of Almendarez-Torres and circuit precedent, but he raises it here to preserve it for further review.

AFFIRMED.