**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Victor Manuel FLORES–ZAMUDIO,**
**Defendant–Appellant.**

**No. 05–40399.**
**Conference Calendar.**

United States Court of Appeals,
Fifth Circuit.

Decided April 12, 2006.

James Lee Turner, Assistant U.S. Attorney, U.S. Attorney's Office, Southern District of Texas, Houston, TX, for Plaintiff–Appellee.

Timothy William Crooks, Assistant Federal Public Defender, Marjorie A. Meyers, Federal Public Defender, Federal Public Defender's Office, Southern District of Texas, Houston, TX, for Defendant–Appellant.

Before JONES, Chief Judge, and JOLLY and DAVIS, Circuit Judges.

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under

PER CURIAM: *

Victor Manuel Flores–Zamudio appeals from his conviction and sentence for illegal reentry following deportation, pursuant to 8 U.S.C. § 1326. Flores–Zamudio argues for the first time on appeal that his Texas state conviction for burglary of a habitation did not constitute a "crime of violence" for purposes of U.S.S.G. § 2L1.2(b)(1)(A)(ii). He correctly concedes that his argument is foreclosed by *United States v. Garcia–Mendez,* 420 F.3d 454, 456–57 (5th Cir.2005), *cert. denied,* —— U.S. ——, 126 S.Ct. 1398, 164 L.Ed.2d 100 (2006), but he raises the argument to preserve it for further review. He also argues that *Garcia–Mendez* was incorrectly decided. We do not disturb our holding in *Garcia–Mendez. See United States v. Taylor,* 933 F.2d 307, 313 (5th Cir.1991) (one panel of this court may not overrule another panel).

Flores–Zamudio also challenges the constitutionality of § 1326(b). His constitutional challenge is foreclosed by *Almendarez–Torres v. United States,* 523 U.S. 224, 235, 118 S.Ct. 1219, 140 L.Ed.2d 350 (1998). Although Flores–Zamudio contends that *Almendarez–Torres* was incorrectly decided and that a majority of the Supreme Court would overrule *Almendarez–Torres* in light of *Apprendi v. New Jersey,* 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), we have repeatedly rejected such arguments on the basis that *Almendarez–Torres* remains binding. *See United States v. Garza–Lopez,* 410 F.3d 268, 276 (5th Cir.), *cert. denied,* —— U.S. ——, 126 S.Ct. 298, 163 L.Ed.2d 260 (2005). Flores–

Zamudio properly concedes that his argument is foreclosed in light of *Almendarez–Torres* and circuit precedent, but he raises it here to preserve it for further review.

AFFIRMED.

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.