United States Court of Appeals
Fifth Circuit

**F I L E D**

**April 12, 2006**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

---

No. 05-40399
Conference Calendar

---

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

VICTOR MANUEL FLORES-ZAMUDIO,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. 5:04-CR-2111-ALL
--------------------

Before JONES, Chief Judge, and JOLLY and DAVIS, Circuit Judges.

PER CURIAM:[*]

Victor Manuel Flores-Zamudio appeals from his conviction and sentence for illegal reentry following deportation, pursuant to 8 U.S.C. § 1326. Flores-Zamudio argues for the first time on appeal that his Texas state conviction for burglary of a habitation did not constitute a "crime of violence" for purposes of U.S.S.G. § 2L1.2(b)(1)(A)(ii). He correctly concedes that his argument is foreclosed by United States v. Garcia-Mendez, 420 F.3d 454, 456-57 (5th Cir. 2005), cert. denied, 126 S. Ct. 1398

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

(2006), but he raises the argument to preserve it for further review.  He also argues that Garcia-Mendez was incorrectly decided.  We do not disturb our holding in Garcia-Mendez.  See United States v. Taylor, 933 F.2d 307, 313 (5th Cir. 1991) (one panel of this court may not overrule another panel).

Flores-Zamudio also challenges the constitutionality of § 1326(b).  His constitutional challenge is foreclosed by Almendarez-Torres v. United States, 523 U.S. 224, 235 (1998).  Although Flores-Zamudio contends that Almendarez-Torres was incorrectly decided and that a majority of the Supreme Court would overrule Almendarez-Torres in light of Apprendi v. New Jersey, 530 U.S. 466 (2000), we have repeatedly rejected such arguments on the basis that Almendarez-Torres remains binding.  See United States v. Garza-Lopez, 410 F.3d 268, 276 (5th Cir.), cert. denied, 126 S. Ct. 298 (2005).  Flores-Zamudio properly concedes that his argument is foreclosed in light of Almendarez-Torres and circuit precedent, but he raises it here to preserve it for further review.

AFFIRMED.