United States Court of Appeals
Fifth Circuit

**F I L E D**

**June 20, 2006**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 05-40192
Conference Calendar
_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ERNESTO CARRANZA-MUNOZ,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. 5:04-CR-1905-ALL
--------------------

Before STEWART, DENNIS, and OWEN, Circuit Judges.

PER CURIAM:*

Ernesto Carranza-Munoz (Carranza) pleaded guilty to being found in the United States unlawfully after deportation. See 8 U.S.C. § 1326. He was sentenced to 72 months of imprisonment and a three-year term of supervised release.

Carranza argues that the district court erred in treating his Texas burglary conviction as a "crime of violence" under U.S.S.G. § 2L1.2(b)(1)(A)(ii). Because burglary of a habitation is the equivalent of "burglary of a dwelling" and is therefore an

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

enumerated offense, Carranza's argument is without merit.  See United States v. Garcia-Mendez, 420 F.3d 454, 456 (5th Cir. 2005), cert. denied, 126 S. Ct. 1398 (2006); U.S.S.G. § 2L1.2, comment. n.1(B)(iii).

Carranza argues for the first time on appeal that the district court erred when it imposed a condition of supervised release that requires him to cooperate in the collection of his DNA.  Carranza's claim is not ripe for review.  See United States v. Riascos-Cuenu, 428 F.3d 1100, 1101-02 (5th Cir. 2005), petition for cert. filed (Jan. 9, 2006) (No. 05-8662).  Therefore, this court lacks jurisdiction to review this claim, and this portion of the appeal is dismissed.

Carranza challenges the constitutionality of 8 U.S.C. § 1326(b).  Carranza's constitutional challenge is foreclosed by Almendarez-Torres v. United States, 523 U.S. 224, 235 (1998).  Although Carranza contends that Almendarez-Torres was incorrectly decided and that a majority of the Supreme Court would overrule Almendarez-Torres in light of Apprendi v. New Jersey, 530 U.S. 466 (2000), we have repeatedly rejected such arguments on the basis that Almendarez-Torres remains binding.  See United States v. Garza-Lopez, 410 F.3d 268, 276 (5th Cir.), cert. denied, 126 S. Ct. 298 (2005).  Carranza concedes that his argument is foreclosed in light of Almendarez-Torres and circuit precedent, but he raises it here solely to preserve it for further review.

JUDGMENT AFFIRMED; APPEAL DISMISSED IN PART.