*This case was not selected for publication in the Federal Reporter*

**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Pedro OSPINO–ALZATE, also known as Pedro Alzate Ospino, also known as Pedro Ospina Alzate, also known as Pedro Alzate Ospina, also known as Pedro Garcia Rodriguez, Defendant–Appellant.**

No. 06–20541
Conference Calendar.

United States Court of Appeals,
Fifth Circuit.

Dec. 6, 2006.

James Lee Turner, Assistant U.S. Attorney, U.S. Attorney's Office, Southern District of Texas, Houston, TX, for Plaintiff–Appellee.

Marjorie A. Meyers, Federal Public Defender, Federal Public Defender's Office, Southern District of Texas, Houston, TX, for Defendant–Appellant.

Before REAVLEY, STEWART, and CLEMENT, Circuit Judges.

PER CURIAM: *

Appealing the Judgment in a Criminal Case, Pedro Ospino–Alzate raises arguments that are foreclosed by *Almendarez–Torres v. United States*, 523 U.S. 224, 235, 118 S.Ct. 1219, 140 L.Ed.2d 350 (1998), which held that 8 U.S.C. § 1326(b)(2) is a penalty provision and not a separate crimi-

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under

nal offense. The Government's motion for summary affirmance is GRANTED, and the judgment of the district court is AFFIRMED.

*This case was not selected for publication in the Federal Reporter*

**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Sergio RIVAS–PRUNEDA, also known as Sergio Pruneda Rivas, Defendant–Appellant.**

No. 06–20417
Conference Calendar.

United States Court of Appeals,
Fifth Circuit.

Dec. 6, 2006.

James Lee Turner, Assistant U.S. Attorney, U.S. Attorney's Office Southern District of Texas, Houston, TX, for Plaintiff–Appellee.

Marjorie A. Meyers, Federal Public Defender, Federal Public Defender's Office Southern District of Texas, Houston, TX.

Before REAVLEY, STEWART, and CLEMENT, Circuit Judges.

the limited circumstances set forth in 5TH CIR. R. 47.5.4.

PER CURIAM: *

Appealing the Judgment in a Criminal Case, Sergio Rivas–Pruneda raises arguments that are foreclosed by *United States v. Garcia–Mendez,* 420 F.3d 454, 457 (5th Cir.2005), *cert. denied,* —— U.S. ——, 126 S.Ct. 1398, 164 L.Ed.2d 100 (2006), which held that a Texas conviction for burglary of a habitation was equivalent to burglary of a dwelling and therefore was a crime of violence under U.S.S.G. § 2L1.2. The Government's motion for summary affirmance is GRANTED, and the judgment of the district court is AFFIRMED.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.