United States Court of Appeals
Fifth Circuit

**F I L E D**

**December 19, 2006**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 05-41559
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

CARLOS ALEXANDER VALDEZ-MEDINA,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. 5:04-CR-2572-ALL
--------------------

Before JOLLY, DENNIS, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Carlos Alexander Valdez-Medina (Valdez) appeals the 48-month sentence he received following his guilty-plea conviction for illegal reentry, in violation of 8 U.S.C. § 1326. He argues that the district court erred by finding that his prior Texas felony conviction for burglary of a habitation was a crime of violence under U.S.S.G. § 2L1.2(b)(1)(A)(ii). We have held, however, that a Texas conviction for burglary of a habitation is a crime of violence under § 2L1.2(b)(1)(A)(ii) because it was equivalent to the enumerated offense of burglary of a dwelling.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

United States v. Garcia-Mendez, 420 F.3d 454, 456-57 (5th Cir. 2005), cert. denied, 126 S. Ct. 1398 (2006). Valdez concedes that his argument is foreclosed by Garcia-Mendez and raises it to preserve it for possible Supreme Court review.

Valdez's constitutional challenge is foreclosed by Almendarez-Torres v. United States, 523 U.S. 224, 235 (1998). Although Valdez contends that Almendarez-Torres was incorrectly decided and that a majority of the Supreme Court would overrule Almendarez-Torres in light of Apprendi v. New Jersey, 530 U.S. 466 (2000), we have repeatedly rejected such arguments on the basis that Almendarez-Torres remains binding. See United States v. Garza-Lopez, 410 F.3d 268, 276 (5th Cir.), cert. denied, 126 S. Ct. 298 (2005). Valdez properly concedes that his argument is foreclosed in light of Almendarez-Torres and circuit precedent, but he raises it also to preserve it for further review.

Valdez's conviction and sentence are AFFIRMED. We REMAND to the district court for correction of the judgment pursuant to FED. R. CRIM. P. 36 to reflect, in the written Statement of Reasons, that Valdez had a criminal history category IV, not V, and that the applicable guidelines range was 57 to 71 months of imprisonment, not 70 to 87 months.

AFFIRMED. REMANDED FOR CORRECTION OF CLERICAL ERROR.