United States Court of Appeals
Fifth Circuit

**F I L E D**

**June 28, 2007**

Charles R. Fulbruge III
Clerk

**IN THE UNITED STATES COURT OF APPEALS**

**FOR THE FIFTH CIRCUIT**

_____

No. 06-50492
Summary Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-

Appellee,

versus

JUAN ARNULFO VASQUEZ-MUNOZ,

Defendant-

Appellant.

-------------------------------------------------------------------
Appeal from the United States District Court
for the Western District of Texas
USDC No. 2:05-CR-206-ALL
-------------------------------------------------------------------

Before DeMOSS, STEWART and PRADO, Circuit Judges.

PER CURIAM:[*]

Juan Arnulfo Vasquez-Munoz (Vasquez) appeals the 121-month sentence imposed following

his plea of guilty to possession of 500 grams or more of methamphetamine with intent to distribute,

a violation of 21 U.S.C. § 841(a)(1). Vasquez challenges the imposition of a two-level enhancement

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

for importation of methamphetamine pursuant to U.S.S.G. § 2D1.1(b)(4), asserting, inter alia, that § 2D1.1(b)(4) requires proof of knowledge of importation; that the district court erred by failing to consider his knowledge; and that the evidence was insufficient to support a finding of knowledge. In the district court, however, Vasquez argued only that importation must be alleged and proven in light of *United States v. Booker*, 543 U.S. 220 (2005). Because Vasquez did not object to the enhancement on the ground he now raises on appeal, we review for plain error. *See United States v. Garcia-Mendez*, 420 F.3d 454, 456 (5th Cir. 2005), *cert. denied*, 126 S. Ct. 1398 (2006). Under that standard, Vasquez must demonstrate (1) error, (2) that is plain, i.e., clear or obvious, and (3) that affected his substantial rights. *See United States v. Garza-Lopez*, 410 F.3d 268, 272 (5th Cir. 2005). Even if all three conditions are met, this court may exercise its discretion to correct the error only if the error "seriously affects the fairness, integrity, or public reputation of judicial proceedings." Id. (internal quotation marks and citation omitted).

The unrebutted information in the presentence report reflected that Vasquez admitted in a post-arrest statement and during his presentence interview that he agreed to transport drugs from Mexico to Dallas and that he drove the delivery car with drugs from Mexico to the United States. Accordingly, even if knowledge is a required element of a § 2D1.1(b)(4) enhancement, the evidence amply supported the imposition of the enhancement. There was no error, plain or otherwise.

The judgment of the district court is AFFIRMED.