IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

March 13, 2008

Charles R. Fulbruge III
Clerk

No. 07-40295
Summary Calendar

UNITED STATES OF AMERICA

Plaintiff-Appellee

v.

MAURICE ANDRE PERRY

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 3:05-CR-00017-ALL

Before JOLLY, PRADO, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Maurice Andre Perry pleaded guilty without a plea agreement to possession of more than 50 grams of cocaine base with intent to distribute, in violation of 21 U.S.C. § 841. He appeals his sentence, arguing that the district court erred in departing upward to a term of 192 months. We affirm.

We review upward departures for reasonableness under an abuse-of-discretion standard. United States v. Saldana, 427 F.3d 298, 308 (5th Cir. 2005). A sentencing court does not abuse its discretion in deciding to make an upward

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

departure when its reasons for doing so (1) advance the objectives set forth in 18 U.S.C. § 3553(a)(2); and (2) are justified by the facts of the case. United States v. Zuniga-Peralta, 442 F.3d 345, 347 (5th Cir.), cert. denied, 126 S. Ct. 2954 (2006). The Guidelines expressly authorize a district court to depart upward based on a finding that the criminal history category substantially under-represents the seriousness of the defendant's criminal past or the likelihood that he will commit other crimes. See U.S.S.G. § 4A1.3(a)(1); Zuniga-Peralta, 442 F.3d at 347.

Perry argues that the district court erred because the court relied upon improper prior offenses to support its conclusion that his criminal history score was not appropriately representative of his "true criminality." Perry argues that the offenses and charges considered were either too old, were dismissed when he pleaded guilty to other charges, were dismissed for lack of evidence, were based on arrests which were never prosecuted, or were non-significant misdemeanor offenses.

Perry raised mostly generalized objections to the upward departure before the district court, and did not specifically argue several of the claims he makes here. For these claims, we review the district court's decision for plain error. United States v. Garcia-Mendez, 420 F.3d 454, 456 (5th Cir. 2005). For the claims Perry actually preserved with objections, we examine whether error occurred and, if so, whether that error was harmless. United States v. Mares, 402 F.3d 511, 520 n.9 (5th Cir.2005). For reasons explained below, we need not specify which standard applies to each of Perry's individual claims.

The district court explained its decision to make the upward departure by noting at the sentencing hearing the following considerations, among others:

> [Perry's] likelihood of recidivism is not sufficiently addressed by placement in a Criminal-History Category [V]. The defendant has been sent to state prison, the county jail, fined and been on probation and parole. To date none of these sanctions have had any meaningful impact on deterring him from a dedicated and very

motivated criminal lifestyle. And it is, therefore, remarkably unlikely that he will be deterred in the future without a more serious punishment . . . .

The district court then calculated Perry's sentence based upon a criminal history category of VI.

A finding that a criminal history category does not sufficiently account for the likelihood of recidivism is by itself an appropriate basis for a departure. See United States v. McDowell, 109 F.3d 214, 219 (5th Cir. 1997); see also Background Note to U.S.S.G. § 4A1.3 (noting that the Guideline-produced criminal history score may not accurately reflect risk of recidivism in defendants who may have received more lenient treatment for past offenses due to youth). Further, our review of the record finds the district court's decision to be justified. For example, Perry was given deferred adjudication for a prior conviction for possession of a controlled substance. Upon violating the conditions of his supervision, he received a ten-year suspended sentence and was placed in an alternative incarceration program. He again violated his probation terms and was sentenced to three years in prison.

We need not evaluate Perry's claim that the district court improperly relied on other conduct described in the presentence report to conclude that Perry's score did not represent his "true criminality." Even if Perry is correct, his sentence will be upheld because the district court's recidivism-based enhancement is proper. See United States v. Jones, 444 F.3d 430, 438 (5th Cir. 2006) (mistaken application of Guidelines does not require remand where it is not reasonably probable that the defendant would have received a lesser sentence on remand).

In sum, the record supports the district court's decision to depart upward. Accordingly, the judgment of the district court is AFFIRMED.