# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

September 10, 2009

Charles R. Fulbruge III
Clerk

No. 08-20521
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

SBANY MENDOZA-ROJAS, also known as Jose Luis Maldonado,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:08-CR-64-1

Before HIGGINBOTHAM, CLEMENT, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Sbany Mendoza-Rojas (Mendoza) appeals the sentence imposed following his guilty plea conviction under 8 U.S.C. § 1324 for conspiracy to transport and harbor undocumented aliens for commercial advantage or private financial gain. Mendoza argues that the district court erred by applying a four-level enhancement pursuant to U.S.S.G. § 2L1.1(b)(5)(B) for "brandishing" a firearm

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

during the offense.[1]  Mendoza maintains that the evidence presented in the presentence report (PSR) did not show that he "brandished" a weapon because there was no evidence that he either intended to or did in fact intimidate anyone. He asserts that the evidence showed only the *possibility* that he brandished a firearm.

The information in the PSR revealed that Mendoza and his co-defendant Leobardo Ayala-Diaz (Ayala) performed a staged kidnaping of a group of smuggled aliens who were aware that Mendoza was armed during the drama. One of the smuggled aliens, Antonio Cruz Tercero-Aguilera, reported that two vehicles sandwiched the vehicle that the aliens were in – and that an armed Mendoza and Ayala entered the aliens' vehicle and absconded with them.  A second alien, Edbin Marin, described how Mendoza had worn a black mask and had had a gun during the kidnaping.  Marin further stated that – after the kidnaping – Mendoza and Ayala acted as guards at the apartment where the smuggled aliens were kept.  A third smuggled alien, Juan Manuel Linares-Medina, stated that he did not feel free to leave the apartment where he was held after the kidnaping and that Mendoza had participated in the kidnaping. Ayala (the co-defendant) later admitted that he and Mendoza had committed the kidnaping and guarded the smuggled aliens at the apartment.

At sentencing, the district court enhanced Mendoza's offense level pursuant to Guideline § 2L1.1(b)(5)(B), which provides: "If a dangerous weapon (including a firearm) was brandished or otherwise used," the base level should be increased by four levels.  The Guidelines define "brandished" as making a dangerous weapon "known to another person, in order to intimidate that person, regardless of whether the weapon was directly visible to that person."[2]  The

---

[1]Mendoza does concede, however, that he was subject to the lesser two-level enhancement under U.S.S.G. § 2L1.1(b)(5)(C) for "possessing" a gun during the offense.

[2]*U.S.S.G. § 1B1.1, cmt. n.1(C)* (2007).

district court overruled Mendoza's objection that he had not used "the weapon in a way that intimidated."[3]

We review the district court's interpretation or application of the Guidelines *de novo* and its factual findings for clear error.[4] The district court's determination that Mendoza brandished a firearm during the offense is a factual finding, so we review it for clear error.[5] In a futile effort to increase our level of scrutiny over the district court, Mendoza urges that the brandishing enhancement requires a specific intent element. But, assuming without deciding that Mendoza is correct, our focus merely becomes whether Mendoza had made the dangerous weapon known to the aliens *in order* to intimidate them – still a *factual* issue. Consequently, if the district court's findings are plausible in light of the record as a whole, then there is no clear error.[6]

Although we are unable to locate binding authority directly addressing what constitutes "brandished" under Guideline § 2L1.1(b)(5)(B),[7] we determine – given the totality of the circumstances surrounding this offense and the plain language of the Guideline – that the district court did not clearly err in imposing the enhancement. Indeed, the information in the PSR showed that Mendoza – while wearing a black mask and displaying a firearm – participated in a roadway kidnaping. He subsequently imprisoned the kidnaped aliens. It was

---

[3] R. at 87.

[4] *United States v. Cisneros-Gutierrez*, 517 F.3d 751, 764 (5th Cir. 2008).

[5] *Cf. United States v. Vital*, 68 F.3d 114, 119 (5th Cir. 1995); *see also United States v. Fuentes-Jaimes*, 301 F. App'x 379, 382 (5th Cir. 2008) (unpublished) ("[Defendant] preserved this issue in district court by objecting to the upward adjustment on the grounds that his conduct did not meet the definition of 'brandished' under the Guidelines. For this factual issue, we review for clear error.").

[6] *Cisneros-Gutierrez*, 517 F.3d at 764.

[7] *But see United States v. Fuentes-Jaimes*, 301 F. App'x at 382 (unpublished) (upholding – on virtually identical facts to the ones here in Mendoza's case – the district court's application of the brandishing enhancement under *U.S.S.G. § 2L1.1*).

reasonable for the district court to infer that Mendoza had – in these volatile situations – made his weapon known to the smuggled aliens in order to intimidate them.

Mendoza also half-heartedly argues that the statements of the smuggled aliens found in the PSR are unreliable as a matter of law, because the smuggled aliens were potential criminal defendants (based on their illegal entry into the United States). We review this question deferentially – for either plain or clear error. First, Mendoza failed to raise this argument in the district court – triggering plain error.[8] Second, the alleged unreliability of the smuggled aliens' statements has to do with credibility – a factual question triggering clear error.[9] Mendoza fails – under either standard of review – to meet the heavy burden of showing that the district court erred in relying upon the statements of the smuggled aliens.

AFFIRMED.

---

[8] *See United States v. Garcia-Mendez*, 420 F.3d 454, 455-56 (5th Cir. 2005).

[9] *See Cisneros-Gutierrez*, 517 F.3d at 764.