# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

November 17, 2009

Charles R. Fulbruge III
Clerk

No. 09-40033
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

RUBEN LOYA-ROMERO,

Defendant-Appellant

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 4:08-CR-96-ALL

Before KING, STEWART, and HAYNES, Circuit Judges.

PER CURIAM:[*]

Ruben Loya-Romero challenges his 78-month sentence for illegal presence in the United States following deportation. He asserts that the district court plainly erred by imposing a 16-level crime of violence enhancement for his 1989 Texas burglary of a habitation offense because he was sentenced to straight probation. He acknowledges that the offense qualifies as a crime of violence under the commentary to U.S.S.G. § 2L1.2 and our precedent. *See* § 2L1.2, comment. (n.1(B)(iii)); *United States v. Garcia-Mendez*, 420 F.3d 454, 456-57 (5th

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Cir. 2005). However, he asserts that 8 U.S.C. § 1101(a)(43)(F) "trumps" the Guidelines in this case. He reasons that the relevant guideline, § 2L1.2, provides for an eight-level enhancement for aggravated felonies and a sixteen-level enhancement for crimes of violence. Section 1101(a)(43)(F) defines "aggravated felony" as "a crime of violence (as defined in section 16 of Title 18, but not including a purely political offense) for which the term of imprisonment [is] at least one year." He asserts that his burglary offense does not qualify for the eight-level aggravated felony enhancement under this definition because the record shows that he received a sentence of straight probation and there is no proof in the record that his probation was revoked. Thus, to apply the 16-level crime of violence enhancement is illogical, and doing so conflicts with both the statutory definition of "aggravated felony" in § 1101(a)(43)(F) and the purpose of § 2L1.2(b). He asserts that the recent addition of Note 7 to the commentary to § 2L1.2 resolves the issue in his favor.

The record belies the two assertions underlying Loya-Romero's argument--that he received a sentence of straight probation for the burglary offense and that the record does not show that his probation was revoked. Both the judgment for his burglary conviction and the judgment revoking his probation were attached to the probation officer's sentencing recommendation. The judgments establish that Loya-Romero originally received a 10-year suspended prison sentence and that, upon revocation of his probation, he was sentenced to eight years in prison.

Moreover, assuming arguendo that the judgments were not in the record and that the district court erred as Loya-Romero asserts, the error was not clear or obvious in light of *Garcia-Mendez*. *See Puckett v. United States*, 129 S. Ct. 1423, 1429 (2009) (To establish plain error, "the legal error must be clear or obvious, rather than subject to reasonable dispute."); *Garcia-Mendez*, 420 F.3d at 456-57. Loya-Romero fails to show that the district court erred, plain or otherwise, in imposing the 16-level enhancement.

Loya-Romero also asserts that the district court procedurally erred in calculating his criminal history score by counting his two forgery offenses separately and by assigning a point for his prostitution offense. Because he did not object on these grounds in the district court, we review them for plain error. *See Puckett*, 129 S. Ct. at 1428-29.

Any error concerning the forgery offenses did not affect the outcome because Loya-Romero's criminal history category would have been the same even if they had been treated as a single offense. Although he would have received 10 criminal history points instead of 12, his criminal history category would have remained V. *See* U.S.S.G., Chap. 5, Pt. A., Sentencing Table. Loya-Romero fails to show plain error. *See Puckett*, 129 S. Ct. at 1429.

With respect to his prostitution offense, Loya-Romero asserts that a criminal history point should not have been assigned because the record does not show that he served his entire 30-day sentence. He suggests that under U.S.S.G. § 4A1.2(b), the record must establish that none of the sentence was suspended. He fails to cite any authority for his argument that the definition of "*sentence* of imprisonment" in § 4A1.2(b) applies to § 4A1.2(c)(1)'s requirement of "a *term* of imprisonment of at least thirty days" for a point to be assigned for a prostitution offense. He also fails to cite authority for the proposition that the PSR was required to prove a negative--that a portion of his sentence was not suspended--before a criminal history point was assigned. Accordingly, he fails to show that any error by the district court was clear or obvious, and he cannot establish plain error. *See Puckett*, 129 S. Ct. at 1429.

Citing Note 7 in the commentary to § 2L1.2, Loya-Romero contends that his sentence was substantively unreasonable because his total offense level "substantially overstated the seriousness" of the burglary of a habitation offense. Again, he asserts that it is illogical for a conviction to qualify for the 16-level crime of violence enhancement when it does not qualify as an aggravated felony under § 1101(a)(43), and he bases the claim on the incorrect assertion that he

3

received a sentence of straight probation. He fails to overcome the presumption that his guidelines sentence was reasonable. *See United States v. Alonzo*, 435 F.3d 551, 554 (5th Cir. 2006).

The Government's motion to supplement the record is DENIED as unnecessary and the judgment of the district court is AFFIRMED.