# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
July 23, 2010

No. 09-10944
Summary Calendar

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

JASON GARCIA-GONZALEZ,

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:09-CR-78-1

Before WIENER, BARKSDALE, and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

Jason Garcia-Gonzalez appeals the sentence imposed following his guilty-plea conviction for being an alien found unlawfully in the United States after previously having been removed. He contends the district court erred by imposing: a crime-of-violence enhancement based on his prior Texas conviction for burglary of a habitation; and a criminal history point for his violating Texas law by falsely identifying himself when he was arrested. He maintains these errors render his sentence substantively unreasonable.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Although post-*Booker*, the Sentencing Guidelines are advisory only, and an ultimate sentence is reviewed for reasonableness under an abuse-of-discretion standard, the district court must still properly calculate the guideline-sentencing range for use in deciding on the sentence to impose. *Gall v. United States*, 552 U.S. 38, 50-51 (2007). In that respect, its application of the guidelines is reviewed *de novo*; its factual findings, only for clear error. *E.g.*, *United States v. Cisneros-Gutierrez*, 517 F.3d 751, 764 (5th Cir. 2008); *United States v. Villegas*, 404 F.3d 355, 359 (5th Cir. 2005).

To determine the propriety of a crime-of-violence enhancement "when a defendant's prior conviction is under a statute that identifies several separate offenses, some violent and others not, we . . . look to certain other documents . . . to determine 'which statutory phrase was the basis for conviction'". *United States v. Hughes*, 602 F.3d 669, 674 (5th Cir. 2010) (citing *Johnson v. United States*, 130 S. Ct. 1265, 1273 (2010)), *petition for cert. filed* (U.S. 6 Jul. 2010) (No. 10-5289). The indictment for Garcia's prior Texas conviction charged him with violating both subsections (a)(1) and (a)(3) of Texas Penal Code § 30.02 (Burglary), but the judgment does not show whether he pleaded guilty to violating subsection (a)(1), subsection (a)(3), or both (they are *not* mutually exclusive provisions). To that end, Garcia, his attorney, and the prosecutor all signed written plea admonishments stating: "It is mutually agreed and recommended by the parties" that "[p]rosecution [is] to proceed on *all allegations* in the indictment". (Emphasis added.) Therefore, Garcia admitted to violating both subsections, and the district court did *not* err in applying the crime-of-violence enhancement. *See United States v. Garcia-Mendez*, 420 F.3d 454, 456-57 (5th Cir. 2005) (holding violation of TEX. PENAL CODE § 30.02(a)(1) constitutes crime of violence).

Garcia also maintains his conviction pursuant to Texas law for falsely identifying himself on the same day that he was found unlawfully present in the United States should not have been assigned a criminal history point pursuant

to Guideline § 4A1.2(a)(1). Specifically, he contends that, because he falsely identified himself in order to avoid detection as unlawfully present in the United States, his false-identification offense was "part of the instant [reentry] offense" and, therefore, should not result in his being assessed a criminal history point. *See* U.S.S.G. §§ 1B1.3; 4A1.2, cmt. n.1 (defining "prior sentence"). But, because it is "plausible in light of the record read as a whole" that Garcia falsely identified himself in order to prevent being charged with several *other* crimes he had committed during the two weeks before his arrest, the district court did *not* clearly err in assessing the criminal-history point. *See United States v. Cooper*, 274 F.3d 230, 238 (5th Cir. 2001) (citing *United States v. Puig-Infante*, 19 F.3d 929, 943 (5th Cir. 1994)).

Garcia's substantive-reasonableness challenge rests on his contentions that his guidelines range was improperly calculated. He has *not* shown the district court erred in calculating that range; and, therefore, he has *not* overcome the presumption that his within-guidelines sentence was reasonable. *See United States v. Alonzo*, 435 F.3d 551, 554 (5th Cir. 2006).

AFFIRMED.