# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 13-31124
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

August 18, 2014

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

EVERS F. HARRIS,

Defendant-Appellant

Appeal from the United States District Court
for the Middle District of Louisiana
USDC No. 3:10-CR-71

Before KING, JOLLY, and HAYNES, Circuit Judges.

PER CURIAM:[*]

Evers F. Harris appeals the 85-month sentence imposed following his conviction by a jury of eight counts of mail fraud related to a Ponzi scheme. In his sole issue on appeal, he contends that the district court erred by imposing a two-level vulnerable victim enhancement. Finding no error, we affirm.

A defendant may receive a two-level increase in his offense level if he "knew or should have known that a victim of the offense was a vulnerable

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

victim." U.S.S.G. § 3A1.1(b)(1). The commentary explains that a "vulnerable victim" means a victim of the offense "who is unusually vulnerable due to age, physical or mental condition, or who is otherwise particularly susceptible to the criminal conduct." U.S.S.G. § 3A1.1, comment (n.2). This court ordinarily reviews the determination of unusual vulnerability for clear error. S*ee United States v. Angeles-Mendoza*, 407 F.3d 742, 747 (5th Cir. 2005).

The district court relied on the testimony of Harris's aunt, Lepora Paige, that she told Harris she had cancer and wanted to invest money so that her children would have money to bury her. *See United States v. Gieger*, 190 F.3d 661, 665 (5th Cir. 1999). Harris contends that the district court misconstrued Ms. Paige's testimony as indicating that she was dying of cancer at the time she decided to invest when, in fact, she had been cancer free for five years. Harris did not challenge the district court's purported mischaracterization at the time of sentencing. We need not decide whether the more stringent plain error standard applies, *see, e.g., United States v. Garcia-Mendez*, 420 F.3d 454, 455-56 (5th Cir. 2005), because the enhancement passes muster under the clearly erroneous standard.

Harris does not dispute that he knew that Ms. Paige had been diagnosed with breast cancer at some point. Even if she had been cancer free for five years at the time she invested, as Harris maintains, her testimony demonstrates that she remained fearful that she might still die of cancer and wanted to invest her money to cover her funeral costs. Harris told her that in the event she died, he would send money to her children. The district court reasonably could have concluded that Ms. Paige was thus more susceptible to Harris's fraudulent investment scheme than the average person, and that Harris knew of and exploited that vulnerability. Thus, the district court's conclusion that Ms. Paige was a vulnerable victim was not clearly erroneous.

No. 13-31124

*See Angeles-Mendoza*, 407 F.3d at 747. We need not reach the parties' alternative arguments regarding whether any other victims were vulnerable due to age or other factors.

AFFIRMED