# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

July 10, 2008

Charles R. Fulbruge III
Clerk

No. 07-20545
Summary Calendar

UNITED STATES OF AMERICA

Plaintiff-Appellee

v.

PEDRO RAMIREZ-RAMIREZ, also known as Pedro Ruiz, also known as Juan Martinez Jimenez, also known as Thomas Garcia, also known as Pedro Ramirez, also known as Miguel Martinez, also known as Joe Garcia, also known as Juan Jimenez-Martinez, also known as Jimenez Martinez, also known as Juan Jimenez, also known as Pedro Garcia

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:06-CR-400-ALL

Before HIGGINBOTHAM, GARZA, and HAYNES, Circuit Judges.

PER CURIAM:[*]

Pedro Ramirez-Ramirez appeals the ninety-six-month sentence imposed following his guilty-plea conviction for being found illegally in the United States after a prior deportation following a conviction for an aggravated felony. Ramirez-Ramirez argues that the district court erred in upwardly

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

departing under U.S.S.G. § 4A1.3 based on the under-representation of his criminal history. He also challenges the extent of the upward departure.

The sentence imposed by the district court is reviewed for reasonableness. Gall v. United States, 128 S. Ct. 586, 594 (2007); United States v. Zuniga-Peralta, 442 F.3d 345, 347 (5th Cir. 2006). The reasonableness of an upward departure, including both the decision to depart and the extent of the departure, is reviewed for abuse of discretion. United States v. Saldana, 427 F.3d 298, 308 (5th Cir. 2005); see also Gall, 128 S. Ct. at 591. "An upward departure by a district court is not an abuse of discretion if the court's reasons for departing 1) advance the objectives set forth in 18 U.S.C. § 3553(a)(2) and 2) are justified by the facts of the case." Zuniga-Peralta, 442 F.3d at 347 (internal quotation marks and citations omitted).

In the present case, the upward departure was appropriate in light of Section 3553's articulated objectives and the facts of this case. The district court expressly based its decision to upwardly depart on Section 3553(a) factors, including Ramirez-Ramirez's history and characteristics, the need for adequate deterrence, and the need to protect the public from future crimes. As noted by the district court, not only does Ramirez-Ramirez have eighteen prior convictions, but he has been deported on six previous occasions. Thus, the upward departure was not an abuse of discretion.

In challenging the extent of the district court's departure, Ramirez-Ramirez contends that the district court committed reversible error by failing to explain why each intervening offense level was inadequate. But it is well-settled that the "district court need not go through a ritualistic exercise in which it mechanically discusses each criminal history category that it rejects en route to the category it selects." Zuniga-Peralta, 442 F.3d at 348 n.2; United States v. Lambert, 984 F.2d 658, 663-64 (5th Cir. 1993) (en banc). The district court's reasoning may and does implicitly establish the rationale for rejecting the intervening levels, and this approach satisfied the court's

burden. See Lambert, 984 F.2d at 663-64. Thus, the extent of the upward departure was not an abuse of discretion.

Ramirez-Ramirez's final argument is one that he makes for the first time on appeal. He argues that the district court clearly erred by basing its upward departure on false facts, namely that he had eleven rather than seven felony convictions. Ramirez-Ramirez did not object to the error in the summation of his criminal history in the presentence report ("PSR") or at the time of sentencing. Because he did not raise this objection, we review only for plain error. See United States v. Garcia-Mendez, 420 F.3d 454, 456 (5th Cir. 2005). To establish plain error, Ramirez-Ramirez must show that (1) there is an error, (2) the error is clear or obvious, and (3) it affects his substantial rights. United States v. Olano, 507 U.S. 725, 732, 113 S. Ct. 1770, 1776 (1993); Garcia-Mendez, 420 F.3d at 456. "When these elements are present, this court may exercise its discretion to correct the error only if it seriously affects the fairness, integrity, or public reputation of judicial proceedings." Garcia-Mendez, 420 F.3d at 456 (internal quotation marks and citations omitted).

Ramirez-Ramirez has not shown that the district court committed plain error. He does not argue his criminal history score should have been different, nor does he challenge the accuracy of his detailed criminal history in the PSR. The district court determined that an upward departure was appropriate based on the PSR. Furthermore, the record does not suggest that the exact number of convictions had any effect on the district court's sentencing decision. The district court expressly relied on "the totality of the defendant's criminal conduct," including Ramirez-Ramirez's background, character and conduct, his numerous prior convictions, and his six prior deportations. Accordingly, Ramirez-Ramirez has not established plain error.

The judgment of the district court is AFFIRMED.