# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

June 10, 2010

No. 09-20637
Summary Calendar

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

ALFRED RIASCOS-GRANJA, also known as Alfred Riascos, also known as Alfredo Riascos, also known as Gerardo Bonano, also known as Gerardo Calzada Bonano, also known as Alfred Riascos Granja,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:09-CR-112-1

Before JOLLY, WIENER, and ELROD, Circuit Judges.

PER CURIAM:[*]

Defendant-Appellant Alfred Riascos-Granja (Riascos) appeals from his conviction of being found in the United States illegally following deportation.

Riascos received a 16-level adjustment to his offense level pursuant to U.S.S.G. § 2L1.2(b)(1)(A)(ii). He contends that his Texas conviction of burglary of a habitation was not a crime of violence because Texas's burglary statute may

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

be violated by conduct falling outside the definition of generic burglary, as the definition of "habitation" in Texas law includes structures other than "dwellings." He argues that his contention is not foreclosed by *United States v. Garcia-Mendez,* 420 F.3d 454 (5th Cir. 2006), because that case was decided under the plain error standard of review. He further argues that the district court erred by relying solely on the presentence report (PSR) in his case to determine whether he had been convicted of burglary of a habitation with intent to commit theft.

We review the district court's interpretation or application of the Guidelines de novo and its factual findings for clear error. *United States v. Cisneros-Gutierrez,* 517 F.3d 751, 764 (5th Cir. 2008). The government bears the burden of proving by a preponderance of the relevant and reliable evidence the facts supporting a sentencing adjustment, including prior convictions. *United States v. Rodriguez,* 523 F.3d 519, 524 (5th Cir. 2008).

The Texas offense of burglary of a habitation with intent to commit theft is a crime of violence. *Garcia-Mendez,* 420 F.3d at 456-57. This court in *Garcia-Mendez* rejected the argument that the relevant statute may be violated by conduct falling outside the definition of generic burglary because the definition of "habitation" in Texas law includes structures other than dwellings. *Id.* The standard of review was irrelevant to the outcome in *Garcia-Mendez. See id.*

Riascos raises his contention that the district court erred by relying solely on the PSR for the first time on appeal. We review his contention under the plain error standard. *See United States v. Rojas-Luna,* 522 F.3d 502, 507 (5th Cir. 2008). To show plain error, the defendant must show a forfeited error that is clear or obvious and that affects his substantial rights. *Puckett v. United States,* 129 S. Ct. 1423, 1429 (2009). If the defendant makes such a showing, we have the discretion to correct the error but only if it "'seriously affect[s] the fairness, integrity, or public reputation of judicial proceedings.'" *Id.* (quoting *United States v. Olano,* 507 U.S. 725, 736 (1993)).

"[A] district court is not permitted to rely [solely] on a PSR's characterization of a defendant's prior offense for enhancement purposes." *United States v. Garza-Lopez*, 410 F.3d 268, 274 (5th Cir. 2005). A court commits clear or obvious error when it relies entirely "on a PSR to establish sentencing facts that increase the penalty beyond the statutory maximum." *United States v. Ramirez*, 557 F.3d 200, 204 (5th Cir. 2009). "However, reliance on a defendant's admission of facts that are contained in the PSR is permissible" on plain error review. *Id.* Reliance on counsel's representations is permissible as well. *See United States v. Fambro*, 526 F.3d 836, 849-50 (5th Cir. 2008).

Riascos acknowledged during his rearraignment that he had been convicted of burglary of a habitation with intent to commit theft. Moreover, counsel conceded that her objection to the use of a burglary conviction as a crime of violence was foreclosed by this court's precedent. Trial counsel maintained her position at the sentencing hearing, which was held after the probation officer sent counsel the indictments and judgments relevant to the prior convictions used to support the 16-level adjustment.

Riascos does not allege that trial counsel did not receive the copies or that the documents did not reflect convictions of burglary of a habitation with intent to commit theft. Trial counsel made no affirmative representations about the documents, but she could have objected to them if an objection was warranted.

Riascos's acknowledgment at the plea hearing and counsel's concession that her objection was foreclosed are sufficient for us to find no reversible plain error as to the absence of documents regarding his state convictions from the record. *See Ramirez,* 557 F.3d at 204; *Fambro,* 536 F.3d at 849-50. Moreover, because the documents had been disclosed and Riascos does not indicate that any objection was warranted, he has not shown that any error by the district court affected his substantial rights. *See Puckett,* 129 S. Ct. at 1429.

AFFIRMED.

3