# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 15-41597

United States Court of Appeals
Fifth Circuit

**FILED**

October 27, 2016

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

      Plaintiff - Appellee

v.

FRANCISCO JAVIER CASTRO-ALFONSO,

      Defendant - Appellant

Appeal from the United States District Court
for the Southern District of Texas

Before JOLLY, BARKSDALE, and SOUTHWICK, Circuit Judges.

E. GRADY JOLLY, Circuit Judge:

Francisco Javier Castro-Alfonso ("Castro-Alfonso") challenges the district court's application of a 16-level sentencing enhancement that was based on his previous conviction of aggravated burglary under Tennessee law. We affirm, because the Tennessee conviction, like the Texas offense at issue in *United States v. Garcia-Mendez*, 420 F.3d 454 (5th Cir. 2005), is equivalent to burglary of a dwelling and is a "crime of violence" for the purposes of § 2L1.2(b)(1)(A)(ii) of the United States Sentencing Guidelines.

I.

Castro-Alfonso pleaded guilty to unlawful reentry into the United States in violation of 8 U.S.C. § 1326(a) and (b). He had been deported in 2006

No. 15-41597

following a conviction for aggravated burglary under Tennessee Code § 39-14-403. His Presentence Investigation Report ("PSR") recommended a 16-level enhancement because his Tennessee aggravated burglary conviction equated to a "crime of violence" within the meaning of § 2L1.2 of the Sentencing Guidelines. Castro-Alfonso objected to the 16-level enhancement. He argued that the prior felony offense was categorically broader than the generic "burglary of a dwelling" component of the "crime of violence" definition and, further, that the offense did not contain an element of force. Before sentencing in this case, the Government filed a transcript of the guilty plea colloquy in the earlier burglary conviction, in which Castro-Alfonso admitted to breaking into the home of a resident of Nashville.

The district court, relying upon this court's decision in *Garcia-Mendez*, 420 F.3d at 454, and the guilty plea colloquy, denied Castro-Alfonso's objection and applied the recommended enhancement. Castro-Alfonso's total offense level was 21, including the enhancement and accounting for the three-point reduction for acceptance of responsibility. This offense level yielded a Guidelines range of 46 to 57 months of imprisonment. Castro-Alfonso was sentenced to a prison term of 46 months. The district judge, in announcing his decision, expressed that he had considered the sentencing factors in 18 U.S.C. § 3553(a) and the guilty plea transcript in arriving at his conclusion, and that even if the court were committing error in calculating the sentencing range, he would nonetheless have delivered the same sentence. Castro-Alfonso appeals.

II.

The question presented is whether § 39-14-403 of the Tennessee Code constitutes a "crime of violence" under U.S.S.G. § 2L1.2(b)(1)(A)(ii). We review a district court's interpretation of the Sentencing Guidelines de novo. *United States v. Hernandez-Galvan*, 632 F.3d 192, 196 (5th Cir. 2011). Furthermore, "[w]here a defendant preserves error by objecting at sentencing, [this court]

2

No. 15-41597

review[s] the sentencing court's factual findings for clear error . . . ." *United States v. Gomez-Alvarez*, 781 F.3d 787, 791 (5th Cir. 2015). We find no clear error "if the district court's finding is plausible in light of the record as a whole." *United States v. Cisneros-Gutierrez*, 517 F.3d 751, 764 (5th Cir. 2008). Procedural errors at sentencing receive harmless error review. *United States v. Robinson*, 741 F.3d 588, 598 (5th Cir. 2014).

III.

The Sentencing Guidelines advise a 16-level enhancement for the sentence of an individual convicted of illegal reentry when the individual also has been convicted of a "crime of violence" as defined in the Guidelines. The application notes define "crime of violence" as follows:

> "Crime of violence" means any of the following offenses under federal, state, or local law: [m]urder, manslaughter, kidnapping, aggravated assault, forcible sex offenses . . . , statutory rape, sexual abuse of a minor, robbery, arson, extortion, extortionate extension of credit, *burglary of a dwelling*, or any other offense under federal, state, or local law that has as an element the use, attempted use, or threatened use of physical force against the person of another.

U.S.S.G. § 2L1.2 cmt. n.1(B)(iii) (emphasis added). To qualify as a "crime of violence," an offense must either fit the generic definition of one of the enumerated offenses or include as an element the "use, attempted use, or threatened use of physical force against" another. *Id.*

Courts generally apply a "categorical, common-sense" approach when determining whether an offense constitutes a "crime of violence" under the Guidelines. *United States v. Albornoz-Albornoz*, 770 F.3d 1139, 1141 (5th Cir. 2014) (citing *Taylor v. United States*, 495 U.S. 575, 599–600 (1990)). Rather than considering the specific conduct of the defendant, courts using the categorical approach consider the reach of the statute of conviction. *Id.* If the court finds "'a realistic probability, *not a theoretical possibility*, that the State would apply the statute of conviction to conduct that falls outside the generic

No. 15-41597

definition of the crime,' then it cannot use the state conviction to enhance." *Id.* (quoting *Gonzales v. Duenas-Alvarez*, 549 U.S. 183, 193 (2007)).

## A.

Here, Castro-Alfonso's 2006 crime of conviction was a violation of Tennessee Code § 39-14-403. This statute defines aggravated burglary as "burglary of a habitation as defined in §§ 39-14-401 and 39-14-402." TENN. CODE ANN. § 39-14-403 (2014). Accordingly, § 39-14-401 states the definition of "habitation":

(1)　"Habitation":
    (A)　Means any structure, including buildings, module units, mobile homes, trailers, and tents, which is designed or adapted for the overnight accommodation of persons;
    (B)　Includes a self-propelled vehicle that is designed or adapted for the overnight accommodation of persons and is actually occupied at the time of initial entry by the defendant; and
    (C)　Includes each separately secured or occupied portion of the structure or vehicle and each structure appurtenant to or connected with the structure or vehicle . . . .

TENN. CODE ANN. § 39-14-401. "Burglary," in turn, is defined in subsection 402:

(a)　A person commits burglary who, without the effective consent of the property owner:
    (1)　Enters a building other than a habitation[1] (or any portion thereof) not open to the public, with intent to commit a felony, theft or assault;
    (2)　Remains concealed, with the intent to commit a felony, theft or assault, in a building;
    (3)　Enters a building and commits or attempts to commit a felony, theft or assault; or
    (4)　Enters any freight or passenger car, automobile, truck, trailer, boat, airplane or other motor vehicle with intent to commit a

---

[1] Under § 39-14-402 of the Tennessee Code, one may commit burglary of a building other than a habitation. Castro-Alfonso was convicted under § 39-14-403, however, which defines "aggravated burglary" as "burglary *of a habitation*." TENN. CODE ANN. § 39-14-403 (emphasis added).

4

No. 15-41597

felony, theft or assault or commits or attempts to commit a
felony, theft or assault. . . .

TENN. CODE ANN. § 39-14-402.  The Supreme Court in *Taylor* defined the
generic, contemporary meaning of "burglary" as "an unlawful or unprivileged
entry into, or remaining in, a building or other structure, with intent to commit
a crime." *Taylor*, 495 U.S. at 598.  The categorical approach commands that
we analyze the statute of conviction to determine whether the statute is
equivalent to or narrower than the generic definition of the offense.

B.

Castro-Alfonso contends that the Tennessee aggravated burglary offense
should not be considered a crime of violence because it is too capacious and
proscribes a broader range of conduct than does the generic "burglary of a
dwelling" offense.  His argument relies on an unpublished case from a sister
circuit that addresses the same statute.  In *United States v. Lara*, 590 F. App'x
574 (6th Cir. 2014), the Sixth Circuit held that § 39-14-403 did not qualify as
a "crime of violence" under the Sentencing Guidelines because it sweeps more
broadly than does the generic definition and encompasses the burglary of
structures other than dwellings, including a "tool shed, outhouse, bathhouse,
smokehouse, [and] other uninhabited outbuildings that belong to or serve the
principal structure." *Id.* at 582.  Castro-Alfonso argues that a similar analysis
should be applied to his conviction.

Notwithstanding *Lara*'s factual similarity to the instant case, our
decision in *Garcia-Mendez* controls the outcome here.  The defendant in
*Garcia-Mendez* received a sentencing enhancement under § 2L1.2 of the
Sentencing Guidelines based on a previous conviction of "burglary of a
habitation" under Texas law.  This court disagreed with Garcia-Mendez's
argument that his previous conviction under the Texas statute should not be
deemed a "crime of violence" to warrant a sentence enhancement because the

5

statute criminalized the burglary of structures "appurtenant to or connected with" the dwelling. *Garcia-Mendez*, 420 F.3d at 456. The court instead drew from this circuit's observation in *United States v. Hornsby*, 88 F.3d 336, 339 (5th Cir. 1996), that "burglary of a habitation is considered a crime of violence," to conclude that burglary of a habitation under Texas law is equivalent to burglary of a dwelling under § 2L1.2.

Castro-Alfonso disputes the application of *Garcia-Mendez* in the instant case. First, he contends that this court in *Garcia-Mendez* did not address the Tennessee statute at issue here. Second, he echoes the Sixth Circuit's observation in *Lara* that *Garcia-Mendez* has "little to no persuasive value" because our court in that case did not "rigorously analyze the scope of the appurtenant-to clause of the Texas statute." *Lara*, 590 F. App'x at 584.

1.

Castro-Alfonso's first argument overlooks the similarities between the Texas Code statutes at issue in *Garcia-Mendez* and Tennessee's aggravated burglary statute. Garcia-Mendez's "burglary of a habitation" conviction fell under §§ 30.01(1) and 30.02(a)(1) of the Texas Code. The statutory language, in pertinent part, is as follows:

(1) "Habitation" means a structure or vehicle that is adapted for the overnight accommodation of persons, and includes:
(A) each separately secured or occupied portion of the structure or vehicle; and
(B) each structure appurtenant to or connected with the structure or vehicle.

TEX. PENAL CODE ANN. § 30.01(1) (West 2015).

(a) A person commits [a burglary] offense if, without the effective consent of the owner, the person:
(1) enters a habitation, or a building (or any portion of a building) not then open to the public, with intent to commit a felony, theft, or an assault . . . .

TEX. PENAL CODE ANN. § 30.02(a)(1).

No. 15-41597

The language describing "habitation" as a structure "adapted for the overnight accommodation of persons" and as including "each structure appurtenant to or connected with" the structure is identical in both states' statutes. *See* TENN. CODE ANN. § 39-14-401. Furthermore, the two states' respective statutes equate in their definition of "burglary" as including the entry of a building not open to the public, without the consent of the property owner, with the intent to commit a "felony, theft, or assault" therein.[2] *See* TENN. CODE ANN. § 39-14-402. Because of the clear similarities between the two states' statutes, our holding in *Garcia-Mendez* that burglary of a habitation under Texas law is a crime of violence for sentencing enhancement purposes requires that we reach the same conclusion here.

2.

We also find Castro-Alfonso's second argument unpersuasive. Irrespective of the *Garcia-Mendez* panel's cursory treatment of the appurtenant-to issue, we are bound by the rule of orderliness to refrain from

---

[2] Our analysis under the categorical approach does not entail a consideration of the indictment language. Even so, Castro-Alfonso's Tennessee indictment charged him with "intentionally, knowingly, or recklessly enter[ing] [a] habitation . . . with the intent to commit theft in violation of Tennessee Code Annotated § 39-14-403." Although Tennessee Code § 39-14-403—the statute of Castro-Alfonso's 2006 conviction—encompasses all manners in which burglary can be committed in § 39-14-402, the language of Castro-Alfonso's indictment tracked that of § 39-14-402(a)(1), stating that he was charged with entering a habitation with intent to commit a theft. Thus, Castro-Alfonso's Tennessee conviction under § 39-14-403 is even more closely akin to Garcia-Mendez's Texas conviction under § 30.02(a)(1) than our analysis may permit us to consider.

Moreover, because we are applying the categorical approach, we do not consider whether § 39-14-403 of the Tennessee Code is a divisible statute sufficient to warrant a modified categorical approach. *See Mathis v. United States*, 136 S. Ct. 2243, 2253 (2016) (distinguishing between means of committing an offense and the elements of the offense and holding that the modified categorical approach may only be applied when a disjunctively phrased statute "renders one (or more) of [the elements of a crime] opaque"). Under the modified categorical approach, we would consider the language of the indictment to narrow our understanding of the specific statute of conviction before comparing it to the generic definition of the offense. The outcome, in any event, would remain the same because of our reliance on the panel's decision in *Garcia-Mendez*.

overturning our previous decision in *Garcia-Mendez*. The Fifth Circuit rule of orderliness dictates that "absent an intervening change in the law, such as by a statutory amendment, or the Supreme Court, or our en banc court," a panel cannot overrule another panel's decision. *United States v. Quiroga-Hernandez*, 698 F.3d 227, 229 (5th Cir. 2012). No such catalysts are present here. Thus, *Garcia-Mendez* controls.

Furthermore, this circuit has already defined a "dwelling" as including structures connected with the main dwelling. In *Albornoz-Albornoz*, 770 F.3d at 1143, the defendant challenged his 16-level "crime of violence" enhancement resulting from a previous conviction of second-degree burglary under New York law. The relevant statute characterized this offense as "knowingly enter[ing] or remain[ing] unlawfully in a building with intent to commit a crime therein, and . . . [t]he *building is a dwelling*." N.Y. PENAL LAW § 140.25 (McKinney 2014) (emphasis added). Albornoz-Albornoz claimed that the New York law's definition of "dwelling" was broader than the generic definition. In its analysis, the court turned to legal dictionaries and treatises to determine that the "ordinary, contemporary" definition of "dwelling" includes connected structures. *Albornoz-Albornoz*, 770 F.3d at 1142 (quoting *United States v. Guerrero-Navarro*, 737 F.3d 976, 979 (5th Cir. 2013)). The *Albornoz-Albornoz* decision bolsters our holding in *Garcia-Mendez* that burglary of a habitation is a crime of violence for the purposes of § 2L1.2 of the Sentencing Guidelines.

## C.

Because we hold that Castro-Alfonso's previous offense of aggravated burglary under Tennessee law constitutes an enumerated crime of violence subjecting him to the sentencing enhancement, we need not consider whether the crime includes as an element "the use, attempted use, or threatened use of physical force." U.S.S.G. § 2L1.2 cmt. n.1(B)(iii). The district court's reliance on the guilty plea transcript and *Garcia-Mendez* supports its application of the

No. 15-41597

16-level sentencing enhancement under both the clear error and de novo standards of review.  Thus, the court's judgment is AFFIRMED.

IV.

Alternatively, we hold that the practical result of the case is the same under the harmless error standard of review.  Under this standard, the proponent of harmless error, here the Government, must first demonstrate that the district court would have imposed the same sentence outside of the appropriate Sentencing Guidelines range for the same reasons, and second, the proponent must show that the district court was not influenced by an erroneous Guidelines calculation. *United States v. Ibarra-Luna*, 628 F.3d 712, 718 (5th Cir. 2010).

In the instant case, the district judge did not "beat around the bush" or equivocate in delivering the court's decision at the sentencing hearing.  On the contrary, he elaborated upon the court's reasoning and stated plainly that the court would have imposed the same sentence regardless of whether the court was in error:

> In imposing [the 46-month] sentence the Court has considered all the 3553(a) factors.  The Court believes that its ruling on the objection is correct.  But if the Court is in error, the Court, nonetheless, would impose the same sentence noting that it's reflected in the transcript itself, the offense was one that involved burglary of a dwelling.  *So the Court would impose the same sentence even if it is in error as to the enhancement here.*

We take the district court at its clear and plain word.  In some instances, we have considered whether the court was improperly influenced by an erroneous Sentencing Guidelines range.  *See United States v. Martinez-Romero*, 817 F.3d 917, 925–26 (5th Cir. 2016); *Ibarra-Luna*, 628 F.3d at 718.  That is not the case here.  The district judge was firm, plain, and clear in expressing the court's reasoning, and we take him at his word. Consequently, we hold, alternatively, that to the extent that error may have occurred, it was harmless.

9

No. 15-41597

V.

In sum, we hold that the district court's designation of Castro-Alfonso's previous Tennessee aggravated burglary conviction as a crime of violence is consistent with and controlled by our decision in *Garcia-Mendez*. Thus, the district court's application of a 16-level sentence enhancement under the Guidelines is AFFIRMED.