# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 16-20288
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
April 5, 2017

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

JERROL BLUFORD,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:15-CR-261-4

Before JONES, WIENER, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Jerrol Bluford pleaded guilty to conspiracy to commit interference with commerce by robbery, in violation of 18 U.S.C. § 1951(a), and to two counts of using and brandishing a firearm during and in relation to a crime of violence, in violation of 18 U.S.C. §§ 2 and 924(c)(1)(A)(ii). He was sentenced to a total of 552 months of imprisonment.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 16-20288

Bluford contends that the district court erred in accepting his guilty plea to, and sentencing him for, the § 924(c)(1)(A)(ii) offenses.  He asserts that his § 1951(a) offenses are not "crimes of violence" under § 924(c) because they lack the necessary level of force for purposes of § 924(c)(3)(A), and § 924(c)(3)(B) is unconstitutionally vague in light of *Johnson v. United States*, 135 S. Ct. 2551 (2015).  Bluford maintains that the factual basis in support of his guilty plea to the § 924(c)(1)(A)(ii) offenses, which relied on the § 1951(a) robberies as the predicate crimes of violence, is legally insufficient.

Applying *United States v. Gonzalez-Longoria*, 831 F.3d 670, 672-79 (5th Cir. 2016) (en banc), *petition for cert. filed* (Sept. 29, 2016) (No. 16-6259), in which we rejected a *Johnson*-based challenge to the substantively identical 18 U.S.C. § 16(b), we recently held that *Johnson* does not invalidate § 924(c)(3)(B). *United States v. Davis*, No. 16-10330, 2017 WL 436037, 2 (5th Cir. Jan. 31, 2017) (unpublished).[1]  Therefore, Bluford's claim is foreclosed.  Although the Supreme Court granted certiorari in *Lynch v. Dimaya*, 137 S. Ct. 31 (2016), regarding whether § 16(b) is unconstitutionally vague in light of *Johnson*, we are bound by our own precedent unless and until that precedent is altered by a decision of the Supreme Court.  *See Wicker v. McCotter*, 798 F.2d 155, 157-58 (5th Cir. 1986).

AFFIRMED.

---

[1] While unpublished opinions are not precedential, they are persuasive. *See Ballard v. Burton*, 444 F.3d 391, 401 & n.7 (5th Cir. 2006) (recognizing that unpublished decisions issued after January 1, 1996, are not controlling precedent but may be considered persuasive authority).

2