# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 16-10099
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
April 19, 2017

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

GARLAND SCOTT JOHNSON,

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:14-CR-170-1

Before KING, DENNIS, and COSTA, Circuit Judges.

PER CURIAM:[*]

Garland Scott Johnson pleaded guilty to being a felon in possession of a firearm and was sentenced to 78 months of imprisonment and three years of supervised release. He argues that the district court erred in applying the crime-of-violence enhancement in U.S.S.G. § 2K2.1(a)(4)(A) based on his prior Texas conviction for burglary of a habitation.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 16-10099

More specifically, Johnson argues that Texas Penal Code § 30.02(a) is not divisible. We rejected this argument in *United States v. Uribe*, 838 F.3d 667, 670-71 (5th Cir. 2016), *cert. denied*, 2017 WL 661924 (Mar. 20, 2017) (No. 16-7969). Johnson also argues that § 30.02(a) does not constitute generic burglary of a dwelling because it encompasses the burglary of certain vehicles and structures appurtenant to said vehicles. We rejected this argument under plain error review in *United States v. Garcia-Mendez*, 420 F.3d 454, 456-57 (5th Cir. 2005), and recently followed that holding in analyzing a similar Tennessee statute in *United States v. Castro-Alfonso*, 841 F.3d 292, 297-98 (5th Cir. 2016).

The district court did not err in applying the crime-of-violence enhancement because Johnson was convicted of violating § 30.02(a)(1) by entering the victim's habitation with the intent to commit theft, which constitutes generic burglary of a dwelling. *See Uribe*, 838 F.3d at 671; U.S.S.G. §§ 2K2.1, comment. (n.1), 4B1.2, comment. (n.1) (2015). Moreover, any error was harmless because the district court stated that, even if it incorrectly calculated the guidelines range, it would impose the same sentence based upon its consideration of the 18 U.S.C. § 3553(a) factors, particularly Johnson's extensive criminal history. *See Castro-Alfonso*, 841 F.3d at 298-99.

The judgment of the district court is AFFIRMED.