# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 18-10533
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

March 8, 2019

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

STEPHANIE ANN HATLEY,

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:16-CR-119-3

Before JOLLY, COSTA, and HO, Circuit Judges.

PER CURIAM:[*]

Stephanie Ann Hatley pleaded guilty of conspiring to traffic methamphetamine. She now appeals, challenging her 20-year sentence.

The Guidelines findings the district court made—a total offense level of 42 and criminal history category of II—normally result in a recommended sentencing range of 30 years to life. But because the drug statute she was convicted under has a statutory maximum of 20 years, 21 U.S.C. §§ 846,

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 18-10533

841(a)(1) & (b)(1)(C), the Guidelines range was capped.  U.S.S.G. § 5G1.1(a). After overruling Hatley's objections to the Guidelines and sentencing her to the statutory maximum of 20 years, the district court stated that was "the sentence I would impose, regardless of what the Guideline range might have been for sentencing, because I think that's a sentence that is required to address" the statutory sentencing factors in 18 U.S.C. § 3553.  It reached that conclusion because the amount of meth involved in Hatley's offense would have subjected her to a 40-year statutory maximum, but the government allowed her to plead to a lesser offense with the 20-year cap.  The district court further observed that even if it had awarded Hatley a reduction for acceptance of responsibility (it did not based on its finding that she raised frivolous objections at sentencing), the Guideline range would still have exceeded the statutory maximum sentence it imposed.

These explanations for why the court imposed the 20-year sentence doom Hatley's appeal of three Guidelines rulings.  The district court made clear that a different outcome on the Guidelines' rulings Hatley challenges—involving enhancements for a firearm and importing the drugs from Mexico, and rejection of acceptance of responsibility—would not have changed her sentence.  And its reasoning makes sense given that ruling in Hatley's favor on these issues would not have reduced the Guidelines range below the sentence the court imposed.  Any Guidelines error was harmless.  *See, e.g.*, *United States v. Halverson*, 897 F.3d 645, 652 (5th Cir. 2018); *United States v. Castro-Alfonso*, 841 F.3d 292, 298 (5th Cir. 2016); *United States v. Ibarra-Luna*, 628 F.3d 712, 718 (5th Cir. 2010).

AFFIRMED.