# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

December 9, 2020

Lyle W. Cayce
Clerk

No. 19-10687
Summary Calendar

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

NOE PARAMO CASTANEDA,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:19-CR-32-2

Before CLEMENT, HIGGINSON, and ENGELHARDT, *Circuit Judges*.

PER CURIAM:*

Noe Paramo Castaneda pleaded guilty to conspiracy to possess with intent to distribute 50 grams or more of methamphetamine. The district court sentenced him below the advisory guidelines range to 180 months'

---

* Pursuant to 5TH CIRCUIT RULE 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIRCUIT RULE 47.5.4.

imprisonment and two years of supervised release. Castaneda timely appealed his sentence.

The applicable advisory guideline range of 262 to 327 months of imprisonment included, inter alia, a hazardous-waste enhancement. Section 2D1.1(b)(14)(A) of the sentencing guidelines provides a two-level enhancement "[i]f the offense involved (i) an unlawful discharge, emission, or release into the environment of a hazardous or toxic substance; or (ii) the unlawful transportation, treatment, storage, or disposal of a hazardous waste." U.S.S.G. § 2D1.1(b)(14)(A). Castaneda argues that this enhancement was erroneous because there was no evidence that the materials seized at the methamphetamine conversion laboratory—at which Castaneda worked with his codefendant Victor Leonel Ortiz Alvarez to convert liquid methamphetamine into crystal form for distribution—were hazardous. The government responds that sufficient evidence in the record supports the enhancement because the presentence investigation report (PSR) stated that acetone cans were seized from the conversion laboratory and an environmental-services firm was required to dispose of other substances found at the same site.

We need not resolve this dispute, however, because any error in calculating Castaneda's advisory guidelines range was harmless. The district court overruled Castaneda's objections to the PSR (including the hazardous-waste enhancement) and refused Castaneda's request for an 87-month sentence. Instead, the district court imposed a sentence of 180 months. The district court further stated:

> Not only do I consider the sentence a reasonable sentence that takes into account in an appropriate manner all the factors the Court should consider in sentencing under 18 [U.S.C. §] 3553(a), it's the same sentence the Court would have imposed without regard to the ruling the Court would

No. 19-10687

have made or could have made on the objections the defendant has made to certain paragraphs in the Presentence Report.

Given the unequivocal statements by the district court that it would impose the same 180-month sentence even if it erred in its guidelines range calculation, we will not disturb the sentence for harmless error. *See United States v. Ibarra-Luna*, 628 F.3d 712, 714 (5th Cir. 2010); *see also United States v. Castro-Alfonso*, 841 F.3d 292, 298-99 (5th Cir. 2016).

Castaneda also contends that the district court erred in rejecting his request for a mitigating role adjustment without considering the factors set forth in the commentary to U.S.S.G. § 3B1.2. According to Castaneda, he was entitled to a reduction because his involvement in the offense was minimal compared to Ortiz Alvarez. Whether a defendant was a minor or minimal participant under § 3B1.2 is a factual finding reviewed for clear error. *United States v. Torres-Hernandez*, 843 F.3d 203, 207 (5th Cir. 2016).

The PSR noted that Castaneda understood the full scope of the criminal activity and played an integral role in the offense by guarding the conversion laboratory and assisting Ortiz Alvarez in the conversion of the methamphetamine that was to be distributed. *See* U.S.S.G. § 3B1.2, cmt. n.3(C). As the district court determined, these facts demonstrate that Castaneda's involvement was not "peripheral to the advancement of the illicit activity," *United States v. Tremelling*, 43 F.3d 148, 153 (5th Cir. 1995), but rather was necessary to Ortiz Alvarez's activity. The district court's refusal to grant a mitigating role adjustment was not clearly erroneous. *See Torres-Hernandez*, 843 F.3d at 209–10.

AFFIRMED.