# United States Court of Appeals
## for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

March 26, 2021

Lyle W. Cayce
Clerk

No. 20-10228

United States of America,

*Plaintiff—Appellee*,

*versus*

Andre Levon Glover; Maurice Lamont Davis,

*Defendants—Appellants*.

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:15-CR-94-1

Before King, Smith, and Haynes, *Circuit Judges*.

Per Curiam:*

Appellants Andre Levon Glover and Maurice Lamont Davis were convicted of multiple offenses for a series of robberies committed in June 2014. They appealed, and we affirmed all but one of their convictions, vacated their sentences in full, and remanded to the district court for entry of

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

a revised judgment and for resentencing.[1]  *United States v. Davis*, 784 F. App'x 277, 278 (5th Cir. 2019) (per curiam).[2]  On remand, the district court resentenced Glover to 271 months of imprisonment and three years of supervised release and Davis to 300 months of imprisonment and three years of supervised release.  Appellants timely appealed their new sentences.  We AFFIRM the district court's judgments.

## I.    Glover's Challenge

On appeal, Glover argues that the district court erred in applying a six-level firearm enhancement under U.S. Sentencing Guideline § 2B3.1(b)(2)(B) for three of his four Hobbs Act robbery convictions (Counts Three, Four, and Five, but not Count Six).  He contends that because he was convicted of a § 924(c) violation in connection with his fourth Hobbs Act conviction (Count Six), the firearm enhancement cannot be applied to Counts Three, Four, and Five under U.S. Sentencing Guideline § 2K2.4.  As Glover objected to the application of this enhancement before the district court, we review the district court's application de novo.  *United States v. Valdez*, 726 F.3d 684, 692 (5th Cir. 2013).

The sentencing guideline for § 924(c) convictions is Guideline § 2K2.4.  U.S. Sent'g Guidelines Manual § 2K2.4 (U.S. Sent'g Comm'n 2018).  Note 4 of that guideline explains that when a sentence under that guideline is imposed in conjunction with a sentence for an underlying offense, no weapon enhancement, such as Guideline § 2B3.1, is to be applied for that underlying offense.  *Id.* cmt. n.4.  For further

---

[1] Before we made this holding, the Supreme Court had remanded this case to our court twice in *Davis v. United States*, 138 S. Ct. 1979, 1979 (2018) (mem.), and *United States v. Davis*, 139 S. Ct. 2319, 2336 (2019).

[2] We vacated Count Two, an 18 U.S.C. § 924(c) conviction.  *Davis*, 784 F. App'x at 278.

No. 20-10228

clarification, note 4 provides an example: "if a defendant is convicted of two armed bank robberies, but is convicted under 18 U.S.C. § 924(c) in connection with only one of the robberies, a weapon enhancement would apply to the bank robbery which was not the basis for the 18 U.S.C. § 924(c) conviction." *Id.*

Just like the example, Glover's six-level enhancement was applied to only those robbery convictions which were not the basis for his § 924(c) conviction. Therefore, we hold that the district court did not err in applying the six-level enhancement to Glover's convicted robberies charged in Counts Three, Four, and Five, and we affirm his sentence.

## II.    Davis's Challenge

Turning to Davis's appeal, he argues that his conviction for Count Eight—being a felon in possession of a firearm in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2)—should be vacated in light of the Supreme Court's decision in *Rehaif v. United States*, 139 S. Ct. 2191 (2019).[3] After a panel of our court affirmed Davis's Count Eight conviction twice,[4] the

---

[3] Davis makes two additional arguments on appeal, but he agrees that those arguments are foreclosed. First, he argues that the district court erred in enhancing his sentence for Count Eight by concluding that his three previous burglary convictions under Texas Penal Code § 30.02(a)(1), (3) were "violent felon[ies]" under the Armed Career Criminal Act of 1984, 18 U.S.C. § 924(e). However, we have already held that burglary under Texas Penal Code § 30.02(a)(1), (3) is a "violent felony." *United States v. Herrold*, 941 F.3d 173, 182 (5th Cir. 2019) (en banc), *cert. denied*, 141 S. Ct. 273 (2020) (mem.). Second, Davis argues that the district court erred in concluding that Count Six (a Hobbs Act robbery conviction) was a "crime of violence" under 18 U.S.C. § 924(c). A panel of our court has already rejected that argument. *United States v. Davis*, 903 F.3d 483, 485 (5th Cir. 2018) (per curiam), *aff'd in part, vacated in part on other grounds*, 139 S. Ct. 2319 (2019). Accordingly, both of Davis's additional arguments are foreclosed by precedent and lack merit. *See Jacobs v. Nat'l Drug Intel. Ctr.*, 548 F.3d 375, 378 (5th Cir. 2008).

[4] *United States v. Davis*, 677 F. App'x 933 (5th Cir. 2017) (per curiam), *vacated on other grounds*, 138 S. Ct. 1979 (2018) (mem.); *Davis*, 784 F. App'x at 277.

Supreme Court held in *Rehaif* that a defendant charged with violating § 922(g) must "kn[o]w he belonged to the relevant category of persons barred from possessing a firearm" at the time of his offense. *Id.* at 2200. Davis contends that three *Rehaif* errors occurred: (1) the Government presented no evidence at trial that Davis knew he was a felon at the time he committed the offenses, (2) the grand jury did not find that Davis had such knowledge, and (3) the district court did not instruct the jury that it must find that Davis had such knowledge.

On the sufficiency-of-the-evidence issue, the question is whether, based on the evidence presented at trial, any reasonable jury could have found the essential elements of the crime beyond a reasonable doubt. *United States v. Staggers*, 961 F.3d 745, 756 (5th Cir.), *cert. denied*, 141 S. Ct. 388 (2020) (mem.); *see also United States v. Burden*, 964 F.3d 339, 348 (5th Cir.), *petition for cert. filed,* No. 20-5939 (U.S. Sept. 30, 2020), *and petition for cert. filed sub nom. Scott v. United States*, No. 20-5949 (U.S. Sept. 30, 2020). Assuming arguendo that de novo review applies,[5] we hold that a reasonable jury would have found beyond a reasonable doubt that Davis knew of his felon status at the time of the offense. At trial, Davis stipulated that he was a felon and a witness confirmed his status. Davis does not claim that he was ignorant of his status as a felon when he committed his § 922(g) offense, much less point to any evidence showing that such a claim was viable. As Davis concedes, we have previously held, on two occasions, that a defendant's stipulation to his felon status at trial was legally sufficient to support his § 922(g)(1) conviction. *Staggers*, 961 F.3d at 757; *Burden*, 964 F.3d at 348. Accordingly,

---

[5] In *Burden*, we observed that there may be inconsistency in our case law on whether de novo or plain error review applies for a *Rehaif* sufficiency-of-the-evidence claim when, as here, the defendant raised general objections but not *Rehaif* objections to the sufficiency of the evidence. *See* 964 F.3d at 347 & n.6. Because we need not resolve this issue today, we decline to do so.

we reach the same conclusion here. *See Jacobs v. Nat'l Drug Intel. Ctr.*, 548 F.3d 375, 378 (5th Cir. 2008) (explaining that "one panel of our court may not overturn another panel's decision, absent an intervening change in the law, such as by a statutory amendment, or the Supreme Court, or our *en banc* court").

On the indictment and jury instruction issues, we review Davis's challenges for plain error, as Davis did not raise them in district court. *Staggers*, 961 F.3d at 754. Under that standard of review, Davis must show that "there was (1) error, (2) that is plain, and (3) that affects [his] substantial rights." *Id.* (internal quotation marks and citations omitted). If those conditions are met, then we may exercise our discretion to correct the error if the error "seriously affects the fairness, integrity, or public reputation of judicial proceedings." *Id.* at 755. Because *Rehaif* errors in the indictment and jury instructions are plain errors, *see Burden*, 964 F.3d at 347, our analysis turns on whether the errors affected Davis's substantial rights.

To show that an error affected his substantial rights, Davis must "show a reasonable probability that, but for the error, the outcome of the proceeding would have been different." *Staggers*, 961 F.3d at 755 (internal quotation marks and citations omitted). Assessing the record as a whole, we conclude that Davis cannot meet this burden. First, as we determined above, there was legally sufficient evidence—Davis's stipulation to being a felon at trial and the witness's confirmation of his felon status—for a reasonable jury to convict Davis for Count Eight. *See id.* (stating that a *Rehaif* error does not affect a defendant's substantial rights unless "there is a reasonable probability that a properly instructed jury viewing the evidence actually admitted at trial would have returned a different verdict"). Additionally, in assessing this prong, we can consider judicially noticeable facts, which further support the conclusion that Davis was not ignorant of his status; for example, not long before his § 922(g) offense, Davis had been sentenced to

No. 20-10228

18 months of imprisonment for a felony burglary. *United States v. Huntsberry*, 956 F.3d 270, 285-86 (5th Cir. 2020); *see also Burden*, 964 F.3d at 348 (holding that a defendant could not show that *Rehaif* errors in the indictment and jury instructions affected his substantial rights when he "stipulated at trial [to being a] felon[]" and had recently been released from prison for the felony offense). It is thus "unrealistic" to believe "that the government would have been unable to prove" that Davis was unaware of his convicted-felon status. *Burden*, 964 F.3d at 348. Accordingly, Davis failed to establish that the *Rehaif* errors in the indictment and jury instructions affected his substantial rights.

The judgments of the district court are AFFIRMED.